# Davis *v*. The State.

## *Indictment for Arson.*

1. *Indictment for arson; statement that there was no dynamite or other explosive in house admissible.*—On a trial under an indictment for arson, where the person, who is alleged in the indictment to have lived in the house which was burned, testifies to facts tending to show that the fire which destroyed his dwelling house was of incendiary origin, and that the burning occurred in his absence, it is competent for him to further testify that there was no dynamite or other explosive substance in the house when he left it; such testimony being the statement of a fact and not subject to objection upon the ground that the witness was not shown to be an expert.

2. *Same; admissibility of evidence of confession; corpus delicti.*—On a trial under indictment for arson, where there is evidence introduced tending to show that the fire which destroyed the dwelling house was of incendiary origin, and some of the witnesses for the State testified to having followed tracks from the place of burning to within a short distance of the defendant's house, and to have noticed other facts which tended to connect the defendant with the burning, the *corpus delicti* is sufficiently shown to render admissible in evidence the confession of the defendant that he set fire to said house.

3. *Arson; corpus delicti; charge of court to jury.*—On a trial under an indictment for arson, when in addition to testimony that there were tracks leading from the place of the burned house to within a short distance of defendant's house, there was other evidence of the *corpus delicti*, and evidence of a confession made by the defendant, a charge is erroneous and properly refused which instructs the jury that "if they believe that the tracks seen at or near the scene of the burning were not the tracks of the defendant, "then they can not convict the defendant upon the confession that the witness Cornelia Howze stated the defendant made to her after said burning."

APPEAL from the Circuit Court of Clarke County. Tried before the Hon. JOHN C. ANDERSON.

The appellant in this case, Sam Davis, was indicted, tried and convicted for arson in wilfully setting fire to and burning a dwelling house of one John Guy, and was sentenced to the penitentiary for ten years. The indictment contained two counts. In the first count it was alleged that at the time of the fire a human being was in the dwelling house, and in the second count it was alleged that at the time of the fire no human being was in the dwelling house.

On the trial of the case, John Guy, whose dwelling house was alleged in the indictment to have been burned, was introduced as a witness, and testified that he was living in a house as the tenent of one Alex Wilson at the time the house was burned on Friday night, May 15th, 1903; that on the day before the house was burned he locked the house and went away; that on returning the next day, which was the day the house was burned, he went to the house, but could not get in, but that he looked in through the window and saw no fire in the house; that on the following morning he returned and saw the house which he had been living in burned, and found some of his bedding and cooking utensils had been taken out and were packed together at or near his yard gate; that upon close examination, he found tracks near to the place where the house had stood; that he followed these tracks out to a place where a mule had been hitched; that he followed the mule-tracks from that point to within a short distance of where the defendant lived; that in following the mule-tracks, he found a quantity of mule-hair on a stump where it appeared the mule had stumbled; that the tracks of the mule were similar to the tracks made by defendant's mule, and that the hair on the said stump was of the same color as was the hair of the mule owned by defendant. This witness also testified, against the objection and exception of the defendant, that there was no dynamite or other explosive in his house when he left it.

The testimony of the witness, John Guy, as to the tracks from the house to where the mule was hitched,

and from that place to a point within a short distance of defendant's house, was corroborated by two other witnesses; one of said witnesses further testifying that the next day after the fire, he noticed that there was some hair scraped off of the foreleg of defendant's mule. After the introduction of these three witnesses, the State introduced as a witness one Cornelia Howze, who testified that she knew the defendant and that shortly after the burning of Guy's house, the defendant came to her house, and was very much excited, and told her that he was in trouble. This witness testified that she offered the defendant no inducement, that she made no threats to him, nor held out to him any hope of reward, in order to get him to make a statement to her. Thereupon the solicitor asked the witness to state what the defendant told her, and the witness replied that "the defendant told her that he burned the house, and that one Jim Wilson gave him a can of oil and $5.00 to burn it." The defendant objected to this evidence, and moved the court to exclude the same upon the ground that the *corpus delicti* had not been sufficiently proved, in order to admit the confession. The court overruled the objection and motion, and to each of these rulings the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (C.) "The court charges the jury that if they believe that the tracks seen at or near the scene of the burning were not the tracks of the defendant, then they cannot convict the defendant upon the confession that the witness Cornelia Howze stated that the defendant made to her after said burning." (E.) "The court charges the jury that the fact that some bedding and household furniture were placed at or near the scene of the burning, which said bedding and furniture were taken out of the house before it was burned, is a strong circumstance for the jury to look to as to the defendant's innocence." (H.) "The court charges the jury that if they entertain a reasonable doubt that the defendant did not make the alleged

confession they cannot convict the defendant."  (G.)
"The court charges the jury that if they believe the
evidence, they must find the defendant not guilty."

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General for the State.
The *corpus delicti* had been sufficiently shown to author-
ize the admission in evidence of the confession made by
the defendant as testified to by the witness Howze,
*Winslow v. The State,* 76 Ala. 42; *Ryan v. The State,*
100 Ala. 95; *Smith v. The State,* 133 Ala. 145, 150.

HARALSON, J.—1. The witness, Guy, for the
State, testified to facts tending to show that the fire
which destroyed his dwelling house was of incendiary
origin. The burning occurred in his absence. He tes-
tified that there was no dynamite or other ex-
plosive substance in the house when he left it,
to which statement the defendant objected, and
moved the court to exclude it, on the ground
that the witness had failed to show that he
was an expert, or knew what dynamite or other explo-
sives were, which motion the court overruled. There
was no error here. The witness was not stating an
opinion, but a fact. If there was no dynamite or other
explosive substance in the house when he left it, he was
competent to state that fact without being an expert on
the subject of explosives. That a given substance is or
is not an explosive, may be said to be a matter of com-
mon knowledge. If the defendant apprehended injury
from this evidence, from a lack of knowledge which
would authorize the witness to speak, he might have
cross-examined him to test his knowledge on the subject.

2. The State sought to prove by a witness a volunta-
ry confession of the defendant to her, that he burned the
house, and that one, Wilson gave him a can of oil and
five dollars to burn it. The defendant objected to this
evidence and moved, after it was allowed, to exclude it,
on the ground that the *corpus delicti* had not been suf-
ficiently shown to admit the confession, which objection

and mótion were overruled.   The rule is, that some preliminary testimony, tending to show the *corpus delicti*, should precede the admission of confessions.   Like any other fact, it may be proved by circumstantial evidence, and while it is the province of the judge to determine, whether there is testimony sufficient to make it appear, *prima facie*, that a crime has been committed, the sufficiency of the evidence to establish that fact, is one for the decision of the jury.   Proof of the charge involves the finding of two distinct propositions, viz., that the act itself was done, and that the person charged with it, and none other, committed it.—*Winslow v. State*, 76 Ala. 47; *Smith v. State*, 133 Ala. 150.

The evidence is abundant as tending to show that the crime of arson charged in the indictment was committed, and that the defendant and no other person committed the act.   The confession of defendant was properly admitted in evidence.

3.   Charge C, asked by defendant, was properly refused.   There was evidence of the *corpus delicti* apart from the tracks, and upon such evidence, and the evidence of the confession, it was open to the jury to convict the defendant, though they might not have found that he made such tracks.

The other charges requested by defendant were properly refused.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, JJ., *concurring*.