# Boyd *v.* The State.

*Violating Prohibition Law.*

(Decided Feb. 6, 1912.   57 South. 1019.)

1. *Accessories; Misdemeanor.*—All persons engaged in the commission of a misdemeanor were at common law principals and indictable as such.

2. *Intoxicating Liquors; Assisting Friend; Violating.*—Construing together General Acts 1907, p. 366, and section 33, Acts 1909, page 63, an assisting friend is guilty as a principal of the offense of selling intoxicating liquors.

3. *Indictment and Information; Allegation; Conclusion.*—Under our system of pleading, an indictment is a statement of a legal conclusion rather than an allegation of fact.

Appeal from Limestone Circuit Court.

Heard before Hon. D. W. Speake.

Andrew Boyd was convicted of violating the prohibition law, and he appeals.   Affirmed.

The original affidavit was made before the judge of the county court, and complained that, before the filing of the complaint, Andrew Boyd sold, offered for sale, bartered, exchanged, or otherwise disposed of spirituous, vinous, or malt liquors.   Pending the trial, at the request of the solicitor, the court permitted the affidavit to be amended, so as to charge that Boyd aided or abetted or counseled or procured an unlawful sale or other disposition of spirituous, vinous, or malt liqquors, or acted as agent or assisting friend of the purchaser or seller, etc.

W. R. Walker, for appellant.   The court erred in permitting the affidavit to be amended, as it introduced a new cause.—*McQueen's case,* 141 Ala. 100; *O'Hearn's case,* 149 Ala. 307; *Bates' case,* 152 Ala. 77; *Miles' case,* 94 Ala. 106.   The defendant was entitled to demand the

[Boyd v. The State.]

nature and cause of the accusation, and to have a copy thereof.—*McGee's case,* 115 Ala. 135; *Jones' case,* 136 Ala. 118; *Gorman's case,* 34 Ala. 216. Section 6, Const. 1901, 92 U. S. 542; 136 N. C. 633. Where a defendant has no interest in the liquor sold, but acted merely as the agent of the purchaser, he was not guilty of any crime prior to General Acts 1907, p. 333.—*Moseley's case,* 156 Ala. 136; *DuBois' case,* 87 Ala. 101; *Maples' case,* 130 Ala. 121.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The *Darrington case,* 162 Ala. 60, gave the proper interpretation to section 7353, Code 1907, and this case has been followed without dissent in the following cases.—*Rayfield v. The State,* 167 Ala. 94; *Miller v. The State,* 168 Ala. 100; *Johnson v. The State,* 55 South. 226. On the authority of these cases, there was no error in the action of the trial court.

DE GRAFFENRIED, J.—At common law there were no accessories in cases of misdemeanor. All persons concerned in the commission of a misdemeanor were, at common law, principals.—*English v. State,* 35 Ala. 428; *Scott v. State,* 30 Ala. 503; 1 Mayfield's Dig. p. 4, § 9.

The defendant was tried upon an affidavit charging him with a misdemeanor, in that, in violation of law, he sold spirituous, vinous, or malt liquors. The evidence, without dispute, showed that the defendant bought, as an "assisting friend" for Gaston Collier, some whiskey from a negro, who sold the whiskey in Limestone county in violation of law. The negro who sold the whiskey to the defendant as the "assisting friend" of Collier violated the law, and was indictable

for selling liquor contrary to law. Prior to the passage of the act approved March 12, 1907 (Gen. Acts 1907, p. 366), it was not a criminal offense for any person to act as the agent or assisting friend of the purchaser of prohibited liquors.—*Bond's case,* 130 Ala. 117, 30 South. 427; *Maple's case,* 130 Ala. 121, 30 South. 428. By the above mentioned act it is provided that "any person who shall act as agent or assisting friend of the seller or of the purchaser in procuring or effecting the unlawful sale or purchase of any such liquors shall be guilty of a misdemeanor," etc., "and a conviction may be had for a violation of this act under an indictment for retailing spirituous, vinous, or malt liquors without a license and contrary to law." Subsequent to the passage of the above act the Legislature, by an act approved August 25, 1909 (Gen. & Loc. Acts Sp. Sess. 1909, pp. 63-96, inclusive), provided, among other things, that the "agent or assisting friend of the seller or buyer in procuring an unlawful sale of any prohibited liquors," etc., "shall be punishable as if he had sold said prohibited liquor and beverages, and conviction may be had of such agent or assisting friend upon an indictment, affidavit, or complaint against him for selling prohibited liquors and beverages contrary to law." The language last quoted is taken from section 33 of the above act approved August 25, 1909, and simply makes the "go-between" of the buyer and seller of prohibited liquors a principal in the criminal act of sale. As all persons who are criminally concerned in the commission of a misdemeanor are principals, and indictable as such, this act declares that the assisting friend in the transaction, whether acting for the buyer or the seller—the "go-between"—shall be guilty of *that* misdemeanor in the commission of which he participated, viz., an illegal sale of prohibited liquors.

[Boyd v. The State.]

It has been truthfully said that under our system of pleading "indictments are rather a statement of legal conclusions than of facts," and the affidavit upon which the defendant was convicted was sufficient.—*Rivers v. State,* 97 Ala. 73, 12 South. 434; *Darringtn v. State,* 162 Ala. 60, 50 South. 396; *Rayfield v. State,* 167 Ala. 94, 52 South. 833; *Johnson v. State,* 172 Ala., 55 South. 226. The numerous decisions of our Supreme Court, from the case of *Noles v. State,* 24 Ala. 672, quoted by appellant's counsel in his able brief, to the present day, in which the general forms of indictment prescribed by our Code —"statements of legal conclusions rather than of facts" —have been upheld, render it unnecessary for us to refer to the constitutional questions discussed by him. Those questions have been determined adversely to his contention, and our present Constitution was adopted by our people in the light of the construction which had been placed by our courts of last resort upon its various provisions.

It is evident, from what we have above said, that we are of opinion that, under the evidence, the defendant could have been legally convicted under the original affidavit, and that the court committed no error prejudicial to the defendant in permitting the affidavit to be be amended.

The judgment of the court below is affirmed.

Affirmed.