# McLain v. The State.

### Violating Cattle Qarantine Law.

(Decided June 30, 1916.  72 South. 511.)

1. **Indictment and Information; Alternative Charge.**—Where offenses may be committed by different means, it is permissible to charge them in the alternative (§§ 7149-51, Code 1907).

2. **Same; Following Statute; Sufficiency.**—When a statute creates a new offense unknown to the common law, and describes its constituents the general rule is that the offense may be charged in the statutory language, and it is not necessary that the indictment state presumptions of law, matters of judicial knowledge, or set out the proof necessary to a conviction.

3. **Same; Quarantine; Violating Regulation.**—The allegations of the indictment examined and held sufficient to charge the statutory offense denounced by § 761, Code 1907.

4. **Trial; Conduct of Court; Absence of Defendant.**—The court should not, after the trial has been closed and the jury retire, but returns for further instructions, give them such instructions in the absence of defendant and counsel.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Howard McLain was convicted of violating the sanitary live stock regulations, and he appeals. Reversed and remanded.

The indictment was as follows (omitting formal charging part) :

"Howard McLain drove, or caused to be driven, ten head of cattle from Lowndes county, Ala., into Montgomery county, Ala., in violation of the rules or regulations of the state live stock sanitary board.

"(2) Howard McLain did move, or cause to be moved, ten head of catttle from Lowndes county, Ala., a tick-infested area or region in this state, into Montgomery county, Ala., an area or region in this state in which the work of tick eradication was

being conducted, without a written or printed permit issued by the state veterinarian, or an assistant state veterinarian, or a state live stock inspector, contrary to the rules or regulations of the state live stock sanitary board.

"(3) Howard McLain did drive, move, carry, or transport, or cause to be driven, moved, carried, or transported, ten head of cattle from Lowndes county, Ala., into Montgomery county, Ala., in violation of the rules or regulations of the state live stock sanitary board.

"(4) Howard McLain did drive, carry, move, or transport," etc. (same as 3), into Montgomery county, Ala., a guarantine district."

HILL, HILL, WHITING & STERN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried and convicted of violation of the live stock sanitary regulations with reference to the transportation of live stock within the limits of a quarantined district.—Code, § 761. The indictment contains four counts, to each of which demurrers were interposed and overruled by the court.

(1-3) It is permissible, when offenses may be committed by different means, to charge the same in the alternative.—Code 1907, §§ 7149-7151. The grounds of demurrer addressed to the indictment in this respect are not well taken. It is the general rule that when a statute creates a new offense, unknown to the common law, and describes its constituents, the offense may be charged in the language of the statute.—Sellers v. State, 7 Ala. App. 78, 61 South. 485, and authorities there cited. Each of the different counts of the indictment set out all the statutory elements creating the offense, and every necessary fact which was an ingredient; and it was not necessary to state presumptions of law and matters of which judicial notice is taken. It is not required that an indictment set up the proof necessary to a conviction; it is sufficient if it charge the offense in the language of the statute.—Davis v. State, 141 Ala. 62, 37 South. 676; Johnson v. State, 152 Ala. 46, 44 South. 670. The demurrers attacking the indictment because of the insufficiency of its averments were properly overruled.

[McLain v. The State.]

(4) After setting out the evidence and the refused charges, the bill of exceptions contains the following recital: "Thereafter the jury retired to consider the case. The witnesses in said cause were discharged, and the court thereupon proceeded with the trial of another cause pending upon the docket of said court. Counsel for defendant left the courtroom and returned to his office, which is located in a building on the opposite side of the street on which the courthouse is located, and diagonally opposite said courthouse and distant therefrom about 200 feet; that after the jury had considered the case for a short time, to-wit, half an hour, they appeared in the courtroom about 1 o'clock p. m. on the day of the trial, and requested the court for further instructions, and the court proceeded to give the jury further or additional instructions in the law governing the case during the absence of counsel for the defendant, and the court again sent the jury in retirement to consider their verdict. At the time of these proceedings, defendant's counsel, who had conducted the trial throughout in his behalf, was not present, and had no knowledge or information of the proceedings, but was absent from the courthouse, and in his office. The court made no inquiry concerning him, and took no steps to notify or give him an opportunity to be present, but after the court had charged the jury as aforesaid, and had sent them again to consider their verdict, the court had defendant's counsel telephoned for and said counsel appeared in court and asked the court why he was wanted. The court advised him that during his absence he had given the jury additional instructions, and again sent them to consider their verdict, but that he would give the defendant an exception to his action, and the defendant then and there duly and legally excepted to said action of the court."

This action upon the part of the court, under the holding of the Supreme Court in the case of *Feibelman v. Manchester Fire Assurance Co.*, 108 Ala. 180, 19 South. 540, necessitates a reversal of the cause. See, also, *Kuhl v. Long, et al.*, 102 Ala. 563, 15 South. 267, and *Harwell v. State*, 11 Ala. App. 188, 193, 65 South. 702, 703, where this court has said, discussing similar action upon the part of the presiding judge at nisi prius in the conduct of a trial: "A trial court should refrain from having any communication with the jury in reference to a case on trial without affording to a party to it an opportunity to have his counsel present when this occurs."

Reversed and remanded.