POWELL v. STATE. (5 Div. 260.)

(Court of Appeals of Alabama. April 17, 1917.)

CRIMINAL LAW ☜304(17)—JUDICIAL NOTICE —OFFICIAL REGULATIONS.

While Code 1907, § 758, confers upon the state live stock sanitary board power to enact necessary rules for governing the movement of live stock that may be quarantined because affected with or exposed to contagious diseases, or

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 14 Ala. App. 621.     [2] 15 Ala. App. 654.

infested with the carriers of such diseases, and section 7083, as amended by Acts 1911, p. 613, denounces the violation of such rules as a misdemeanor, the courts will not take judicial notice of such rules and regulations, and an indictment for the violation of this clause of the statute, to charge an offense, must allege the existence of such a rule or regulation, and that the act charged against the defendant is in violation of such rule.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 712, 2951½.]

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

W. A. Powell was convicted of an offense, and he appeals. Reversed and remanded.

Smoot & Mullins, of Wetumpka, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. There is nothing in the statutes of this state that requires persons owning or having the possession of cattle infected with or exposed to ticks to dip such cattle in "a standard arsenical solution" after notice. Curlee v. State, ante, p. 62, 75 South. 268.

While the statute (Code 1907, § 758), confers upon the state live stock sanitary board power to enact "such rules and regulations as they may deem necessary for governing the *movement, transportation*, or *disposition* of live stock that may be *quarantined* * * * on account of being affected with, or exposed to," contagious or communicable diseases, or infested with the carriers of such diseases, and the statute (Code 1907, § 7083, as amended by Act approved April 22, 1911 [Acts 1911, p. 613]) denounces the violation of such rules as a misdemeanor, the courts will not take judicial notice of such rules and regulations, and an indictment for the violation of this clause of the statute, to charge an offense, must allege the existence of such a rule or regulation, and that the act charged against the defendant is in violation of such rule. Curlee v. State, supra.

The indictment in this case will not support the judgment of conviction. Emmonds v. State, 87 Ala. 12, 6 South. 54; Butler v. State, 130 Ala. 127, 30 South. 338.