(76 South. 487)

PIERSON v. STATE. (2 Div. 167.)

(Court of Appeals of Alabama. June 30, 1917.)

1. ANIMALS ⬅➡36—CONTAGIOUS AND INFECTIOUS DISEASES—OFFENSES.

In prosecution under Code 1907, § 7083, as amended by Acts 1911, p. 613, state must prove that defendant, within period covered by indictment, drove live stock or caused it to be driven on foot, or moved it or allowed it to be moved, from quarantined to nonquarantined district, or moved it or allowed it to be moved from one place to another in quarantined district, in violation of rules and regulations of state live stock sanitary board.

2. CRIMINAL LAW ⬅➡304(17)—JUDICIAL NOTICE — RULES OF LIVE STOCK SANITARY BOARD.

Courts will not take judicial knowledge of rules and regulations of state live stock sanitary board.

3. CRIMINAL LAW ⬅➡517(4)—CONFESSIONS— PREDICATE FOR ADMISSION — CORPUS DELICTI.

In criminal prosecution, defendant's confession is not admissible until the corpus delicti has been proven.

Appeal from Circuit Court, Dallas County; J. B. Evans, Judge.

William T. Pierson was convicted of moving cattle from a quarantined district into a nonquarantined district, and appeals. Reversed and remanded.

Arthur M. Pitts, of Selma, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted under section 7083 of the Code, as amended by Acts 1911, p. 613, prohibiting the moving of cattle from a quarantined district into a nonquarantined district. The first and third counts of the indictment follow the verbiage of the statute and are sufficient. McLain v. State, 72 South. 511.[1] Counts 2 and 4 fail to aver that Chilton county or Dallas county were in a quarantined district, but the demurrers to these counts are not based upon these grounds. The demurrers were properly overruled. State v. McCarty, 5 Ala. App. 212, 59 South. 543; Morgan's Co. v. Board of Health, 118 U. S. 455, 6 Sup. Ct. 1114, 30 L. Ed. 237. Section 761 of the Code of 1907, so far as is applicable to this case, is as follows:

"No person * * * shall drive or cause to be driven live stock on foot * * * from a quarantined district to a nonquarantined part of Alabama, except as hereinafter provided. * * * It shall be unlawful to move, or to allow to be moved, any live stock from one place to another within the limits of a quarantined district or from a quarantined district to a nonquarantined district of Alabama, in any other manner or method, or under any conditions other than prescribed by the rules and regulations of the state live stock sanitary board."

[1] The measure of proof and the burden thereof in all criminal cases are applicable here, and therefore, before a conviction can be had for the violation of this law, it necessarily must be shown by the state, beyond a reasonable doubt, that the defendant, within the period covered by the indictment, either drove or caused to be driven, by some one else, live stock on foot from a quarantined district to a nonquarantined part of Alabama, or that this defendant moved live stock or allowed same to be moved from one place to another within the limits of a quarantined district to a nonquarantined district of Alabama, and that this was done in some other manner or by some other method or under conditions other than those prescribed by the rules and regulations of the state live stock sanitary board. A careful examination of the entire record and of all of the evidence adduced upon the trial shows a total lack of testimony necessary to establish these facts in this case, and also fails to show sufficient facts or circumstances from which the jury could find or infer that the corpus delicti had been proven. There was no evidence on the part of any witness that the defendant himself had committed any of the acts covered by the statute and charged in the indictment, nor was there any evidence that he caused or allowed any one else to do so. The evidence fails to show that any cattle which were identified as belonging to defendant were driven or moved from a quarantined district to a nonquarantined part of Alabama, in a manner or method or under conditions other than as prescribed by the rules and regulations of the state live stock sanitary board. There was no proof offered of the requirements of the rules and regulations of the state live stock sanitary board, or that the defendant had violated any such rules and regulations. There was not sufficient evidence of the corpus delicti to authorize the introduction of the confessions of the defendant, which were admitted against his timely objections.

[2] The courts will not take judicial knowledge of the rules and regulations of the state live stock sanitary board. Glenn v. City of Prattville, 14 Ala. App. 621, 71 South. 75; Bivins v. City of Montgomery, 13 Ala. App. 641, 69 South. 224; Curlee v. State, ante, p. 62, 75 South. 268; Powell v. State, ante, p. 63, 75 South. 269.

[3] The court therefore was in error in admitting into evidence the alleged confessions of the defendant before the corpus delicti had been proven. Ryan v. State, 100 Ala. 94, 14 South. 868.

For this error, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

1 15 Ala. App. 24.