163 So. 901

### WORRELL v. STATE.

4 Div. 202.

Court of Appeals of Alabama.

Nov. 5, 1935.

578

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment in this case was indorsed, "a true bill," was signed by C. L. Humber, foreman of the grand jury, and filed in open court on September 13, 1934, in the presence of the grand jury, by B. G. Jennings, clerk. This was a substantial compliance with Code 1923, § 4547. McKee v. State, 82 Ala. 32, 2 So. 451.

■ There was evidence tending to prove that the fire was of incendiary origin. The evidence on this point was circumstantial, but was sufficient to go to the jury on the question of the corpus delicti. That being the case, the confession of the defendant that he set fire to the house was admissible over the objection that corpus delicti had not been proven. The confession of a defendant is not admissible in evidence until the corpus delicti has been proven. Pierson v. State, 16 Ala. App. 197, 76 So. 487. But it is not necessary that the proof of the corpus delicti should be direct and positive, but may be by circumstances. Davis v. State, 141 Ala. 62, 37 So. 676.

■ There was some testimony of a fire at the "Moses Bridge," about a mile from the house that was burned; that there was at the bridge a cement mixer, and that the timer on the mixer had been defaced and an attached hose had been cut with a "drill knife"; that, when defendant was arrested, he had in his possession a large knife with a "drill blade." After this testimony was all in, the court sustained the objections theretofore made, "To what he said about the fire at the bridge; the testimony about the fire at the bridge and what he (witness) said about it is excluded," but refused to exclude the testimony in regard to the tampering with the "timer" on the cement mixer and the cutting of the hose there at the bridge. It is not clear to us how the tampering with the timer of the concrete mixer and the cutting of the hose at the bridge, more than a mile away from the house that was burned, can be relevant or material in the trial of this case, but the corpus delicti is proven, and the defendant's confession that he set fire to the house is not disputed or denied. That being the case, the admission of the above evidence could not have injuriously affected the substantial rights of the defendant.

The facts tending to convict the defendant of the crime charged were not disputed, and the only question really litigated, was as to the sanity of the defendant. This issue was submitted to the jury under a proper charge by the court and after the taking of testimony both for the state and defendant, in which there were no erroneous rulings by the court injurious to defendant's rights.

The ownership of the property alleged to have been burned was laid in R. J. Myrick, and the evidence discloses that the property belonged to Mrs. R. J. Myrick. It further appears from the evidence that the house was vacant and unoccupied and had been for some time prior to the fire. There was some evidence tending to prove that R. J. Myrick attended to matters affecting the property for his wife, but there is no pretense that he had title to or occupied the house or that he exercised any dominion or control over it other than to assess the same for taxes in the name of Mrs. R. J. Myrick.

■ Under the common-law conception of the crime of arson which has been retained in this state, it has been held that the premises should ordinarily be alleged in the indictment to be the property of the occupant in possession in his own right and not the property of the real owner. If, however, the property is not in any one's actual possession, then the ownership must be truly alleged. The court in one of his rulings said: "It doesn't show that it's in her possession, but owned by her." This was a correct statement of the facts as far as it goes. The evidence goes further, however, and shows, without dispute, that the premises were unoccupied and vacant and not in the actual possession of any one. The ownership must be proven as alleged, and, failing in this, the defendant was entitled to the general charge. 5 Corpus Juris, 564 (40) (b); Burger et al. v. State of Nebraska, 34 Neb. 397, 51 N. W. 1027; Johnson v. State, 1 Ala. App. 148, 55 So. 268; Davis v. State, 52 Ala. 357; Adams v. State, 62 Ala. 177; volume 2, Wharton, Crim. Law § 1068.

We do not find any authority anywhere, which authorizes the laying of ownership of property in an indictment charging arson in the husband of the real owner or in her agent.

For the error in refusing to give the affirmative charge as requested by defendant, the judgment is reversed, and the cause remanded.

Reversed and remanded.