27 So.2d 264

## WALDROP v. STATE.

### 6 Div. 291.

Court of Appeals of Alabama.
Aug. 1, 1946.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the Jefferson County Court of Misdemeanors, and was based upon affidavit and warrant, wherein the defendant was charged with a violation of Title 22, Section 75, Code of Alabama 1940. From a judgment of conviction in said court, an appeal was taken, and perfected, to the circuit court. He was there tried upon a complaint filed by the solicitor which complaint was based as for a violation of the identical statute, supra, i. e. Title 22, Section 75, 1940 Code of Alabama.

The appeal here is upon the record proper, from which it appears that before pleading to the complaint in the circuit court the defendant filed a motion in writing to strike the solicitor's complaint upon the following grounds:

"1. There is a fatal material variance or departure between the original affidavit and the original warrant of arrest.

"2. There is a fatal material variance or departure between the original complaint in the lower court and the Solicitor's Complaint in this Court.

"3. The Solicitor's Complaint fails to charge a criminal offense against the Defendant.

"4. In this court the Defendant by the Solicitor's Complaint is charged with a crime different from that of which he was originally charged. .

"5. The Solicitor's Complaint fails to state an act of commission or omission against the peace and dignity of the State of Alabama.

"6. The Defendant is not thereby charged with a crime against the State of Alabama."

Said motion to strike was overruled and denied by the trial court, and defendant duly reserved exception to this action of the court.

Defendant thereupon filed demurrers to the complaint and assigned the following grounds:

"1. The same does not state an offense against the State of Alabama.

F. R. Ingram, of Birmingham, for appellant.

"2. The allegation does not sufficiently set out an offense the doing of which constitutes an offense against the peace and dignity of the State of Alabama.

"3. The same does not charge the Defendant of any violation of the criminal laws of the State of Alabama.

"4. There is a material variation in the original complaint and the Solicitor's complaint.

"5. The original warrant charges a different offense to that charged in the Solicitor's Complaint.

"6. The original affidavit of Sam Johnson is insufficient to support the original warrant of arrest.

"7. The original affidavit is insufficient to support the Solicitor's Complaint.

"8. There is a complete change of criminal charges against the Defendant in the Solicitor's complaint.

The demurrers, supra, were also overruled and defendant excepted.

The foregoing rulings of the court are the only questions presented by the record.

We are of the opinion the court ruled correctly in each instance.

The insistence that the original affidavit does not charge the defendant of any violation of the criminal laws of the State is untenable. The affidavit charges a violation of Section 75, Title 22, of the 1940 Alabama Code, and was sufficient to enable the accused to know what was intended. Sections 103 and 104 of Title 22, Code of Alabama, provides that "any person who violates any of the health or quarantine laws, except those for which a special penalty is prescribed, shall be guilty of a misdemeanor."

There is no merit in the contention that the complaint of the Solicitor was a departure from the original affidavit. The verbiage of the complaint differs from that of the original affidavit, but the offense charged in both the original affidavit and the Solicitor's complaint are the same.

We deem further discussion unnecessary.

Affirmed.