91 So.2d 500

**M. HOCHMAN**

v.

**STATE of Alabama.**

1 Div. 667.

Supreme Court of Alabama.

June 30, 1956.

See also 91 So.2d 502.

**2**

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for petitioner.

Chas. Hoffman, Mobile, opposed.

SIMPSON, Justice.

Writ of certiorari to the Court of Appeals was granted. Revised Rule 39, Code 1940, Tit. 7, Appendix.

The State's petition for certiorari brings before us for review the opinion and judgment of the Court of Appeals holding the complaint on which defendant (appellant) was tried subject to the demurrer.

The complaint charges that accused did keep on his premises at a designated place "automobile and airplane tires in such a manner as to make it a menace or likely to become a menace to the public health * * * in violation of Title 22, Section 75, of the 1940 Code of Alabama."

The claimed infirmity pointed out by the demurrer, and sustained by the Court of Appeals, is that the complaint did not sufficiently inform accused, with reasonable certainty, of the nature of the accusation made against him. More specifically, as appears from the opinion of the Court of Appeals, the allegation that the tires were kept in such a manner as to make it a menace or likely to become a menace to public health was no more than a conclusion

of the pleader, no facts being supplied to support it.

The Attorney General relied and relies upon the proposition that the complaint followed the language of the statute creating the offense and was, therefore, not demurrable.

The decision of the Court of Appeals is rested largely upon the case of Gayden v. State, Ala.App., 80 So.2d 495, as affirmed by this Court in 262 Ala. 468, 80 So.2d 501.

The complaint in this case follows substantially the language of the statute, Code, Tit. 22, § 75, to which it refers. That statute declares certain things, conditions and acts to be public nuisances per se, menacing public health and unlawful, inter alia "(7) * * * the doing of a thing, not inherently insanitary or a menace to public health in such a manner as to make it a menace or likely to become a menace to public health." This statute constitutes a part of the article concerning Health and Health Regulations. Section 104 of the title provides that "any person who violates any of the health or quarantine laws, except those for which a special penalty is prescribed, shall be guilty of a misdemeanor."

■ The general rule invoked by the Attorney General, to the effect that indictments and complaints substantially following the language of the statute are sufficient, has frequently been applied by the courts of this State, as appears from the cases collected in Vol. 12 Alabama Digest, Indictment and Information, ☞110(3). But the rule is not without qualification or exception, as also appears from the cases listed under ☞110(4) of the same subject. Some of the cases, upholding the indictment or complaint under the general rule, while reaching the correct conclusion, may be subject to the criticism of stating the rule too broadly. For the general rule is applicable only where the statute itself sufficiently defines, describes or sets forth the essential elements of the offense. The fact that affidavits or complaints following the language of the statute creating the offense

have in some cases been upheld and in others condemned illustrates very clearly that the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense.

■ Analyzing the complaint here before us along with the statute creating the offense, it will be observed that the complaint goes beyond the statutory generality of the "doing of a thing," etc., and is specific in its designation of the thing done and the objects involved, i. e., the keeping of automobile and airplane tires. The manner of the keeping, the essence of the offense, as described or defined in the words of the statute and as charged in the complaint, is not lacking in specificity. The words "in such a manner as to make it a menace or likely to become a menace to public health" inform the accused that the manner, method or way employed by accused in keeping the tires, whatever it might have been, was alleged to make it a menace. Conceding that the allegation that the manner of the keeping made it a menace is a conclusion, it should be borne in mind that under our system of pleading, indictments are rather a statement of legal conclusions, than of facts. Rivers v. State, 97 Ala. 72, 12 So. 434; Boyd v. State, 3 Ala.App. 178, 57 So. 1019.

■ But a complaint virtually in the identical wording of the complaint here involved, and drawn under the identical statute, Code, Tit. 22, § 75, has been before the Court of Appeals and there held to be sufficient as against a like ground of demurrer. Waldrop v. State, 32 Ala.App. 496, 27 So.2d 264. In the opinion of the Court of Appeals in the instant case the Waldrop case is expressly overruled, upon the conclusion that it conflicts with the opinions in

the Gayden case, supra. In this we think the Court of Appeals is in error.

The opinions in the Gayden case are, as applied to this case, inapposite. Beyond the fact that the offense was charged in the language of the statute creating the offense in that case and in this one, there is no analogy. The wrongful act was defined only in general, or "generic", terms in the statute involved in the Gayden case. The two counts of the indictment were condemned because they did no more than follow those terms, with no allegations added to afford the specificity required. The statute here involved is quite different from that in the Gayden case. In the opinion of this Court in that case we said:

"By no means do we intend to detract from the general rule that it is sufficient to charge the elements of a statutory offense in the words of the statute." 262 Ala. at page 471, 80 So.2d at page 504.

We then proceeded to outline the exception to the general rule and to apply the exception to the case in hand. While in no wise reflecting upon the opinions in the Gayden case, we deem it well to reiterate what we have hereinabove stated, that in each case the determinative factor is the sufficiency, vel non, of the language of the particular statute.

■ We are unable to see how the offense could have been more specifically described without pleading evidentiary facts, and, as has been often held, "it is not required that an indictment set up the proof necessary to a conviction." McLain v. State, 15 Ala.App. 24, 72 So. 511, 512; Johnson v. State, 152 Ala. 46, 44 So. 670, among others.

It results as our judgment that the complaint was not subject to the demurrer, and that the Court of Appeals was in error in reversing the judgment upon that ground and in overruling its prior case of Waldrop v. State, supra. Since that was the sole question dealt with, we remand the case to

**4**

the Court of Appeals for its further consideration.

Reversed and remanded.

All Justices concur except MERRILL, J., who concurs in result.