TYSON, Judge.
Tom M. Deason was indicted by the grand jury for the offense of selling or offering to sell an unregistered security in violation of §§ 8-6-4 and 18, Code of Alabama 1975. Because of appellant’s claim of indigency, the trial court appointed counsel to represent appellant at trial. Appellant, however, objected to his appointed counsel and elected to proceed pro se. Trial was held on a plea of not guilty and the jury returned a verdict of “guilty as charged.” The trial court sentenced appellant to twenty months imprisonment in the penitentiary and fined him five thousand dollars ($5,000.00). This appeal followed.
The testimony of witnesses for the State clearly showed that in 1976 the appellant offered to sell stock in “Leaves of Gold, Inc.,” a Texas corporation organized to conduct gold mining operations in Cleburne County, Alabama. Prospective stockholders in “Leaves of Gold, Inc.” actually received shares in “Multi-Mode, Inc.,” an Alabama corporation which held a substantial block of shares in “Leaves of Gold, Inc.”
Leonard Mayes, Chief Securities Examiner, for the Alabama Securities Commission, testified that he began an investigation of “Leaves of Gold, Inc.” in October of 1976 and discovered that, although stock in the *374 company was in Alabama, the stock was not registered with the Alabama Securities Commission.
Wiley Deal testified that in July of 1976 the appellant discussed with him “Leaves of Gold’s” process of extracting gold from ore. At that time, Mr. Deal contracted with the appellant to buy stock in “Leaves of Gold” and gave him a check. The check, however, at appellant’s insistence was made payable to “Multi-Mode, Inc.” The appellant explained to Mr. Deal that “Leaves of Gold, Inc.” pertained only to gold mining in Alabama while “Multi-Mode” stock would allow him to benefit from mining operations all over the United States.
The defense advanced by appellant at trial and continued on appeal primarily consisted of denials of responsibility for registration of the stock, coupled with vague allegations of harassment from Alabama public officials.
I
Section 8-6-4 of the Alabama Code 1975 reads as follows:
“It is unlawful for any person to offer or sell any security in this state unless:
(1) It is registered under this article;
(2) The security is exempt from registration under section 8-6-10; or
(3) The transaction is exempt under section 8-6-11. (Acts 1959, No. 542, p. 1318, § 3.)”
“Offer” or “offer to sell” includes every attempt to offer or dispose of, or solicitation of an offer to buy, a security or interest in a security for value. § 8-6-2(8), supra.
The evidence presented at trial clearly established the offense charged in the indictment.
II
The grand jury of Calhoun County charged by indictment that appellant “willfully and unlawfully aided and abetted and caused Leaves of Gold, Inc. (not indicted herein), a corporation organized under the laws of the State of Texas, to offer or sell a security, to-wit: ten cents par value common stock of said Leaves of Gold, Inc., in the State of Alabama at the time said security was not registered under Chapter 1 of Title 53, Code of Alabama (1940), as amended, against the peace and dignity, etc.” (Omitting formal parts)
Appellant demurred to the indictment on the following grounds:
1. For that said indictment is vague and uncertain.
2. For that said indictment fails to adequately apprise the defendant of what he is called upon to defend against.
3. For that said indictment fails to adequately describe or identify the person or entity of which the defendant is alleged to have aided or abetted.
4. For that said indictment fails to adequately describe the alleged manner or actions in which the defendant willfully and unlawfully aided or abetted any person or entity.
5. For that said indictment merely states a conclusion.
6. For that said indictment fails to adequately identify or describe what sections or provisions of Chapter 1 of Title 53, Code of Alabama (1940), were allegedly violated.
7. For that said indictment makes reference to a security not registered “under” Chapter 1 of Title 53, Code of Alabama (1940). This defendant nor his attorney is not appraised and does not know what said term means or attempts to mean or signify.
The indictment clearly is phrased “in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.” § 15-8-25, Code of Alabama 1975; Manson v. State, Ala.Cr.App., 349 So.2d 67, cert. denied, Ala., 349 So.2d 86 (1977).
Moreover, an indictment must not be held insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection in any matter of form which does not prejudice *375 the substantial rights of the defendant on the trial. § 15-8-4, supra.
The trial court correctly overruled appellant’s demurrer in this cause.
Ill
The written requested charges by appellant which were refused by the trial judge were either incorrect or abstract statements of the law, misleading or invasive of the province of the jury, or were fairly and adequately covered by the trial court’s oral charge, or by other written requested charges which were given to the jury. § 12-16-13, supra. Mains v. State, Ala.Cr.App., 375 So.2d 1299 (1979), and authorities therein cited.
The record discloses no error. The judgment is hereby
AFFIRMED.
All the Judges concur.