The opinion of the Court of Criminal Appeals states that while Behel was "serving a forty-year sentence for a first degree burglary conviction, [he] escaped from the Lauderdale County Jail."
Behel did not request that the Court of Criminal Appeals make additional findings of fact as prescribed by Rule 39 (k), ARAP.
Behel does not claim that he was not a convict, nor that he was not guilty of an escape. His contention is contained in his brief filed here, wherein he states:
 It is the contention of Appellant that the facts indicate that he did not escape from the penitentiary but from the Lauderdale County Jail, and therefore sentencing should have been made pursuant to Code of Alabama § 13-5-68. "Escapes not Otherwise Provided For," instead of § 13-5-65, "Escapes and Attempts to Escape From Penitentiary or Guard."
This Court goes to the original record, reviews the indictment and concludes that it did not change an offense under § 13-5-65.
Assuming that this Court should have reviewed the matter based upon Behel's inadequate petition, and further assuming this Court should have gone to the original record to obtain facts not apparent on the face of the opinion from the Court of Criminal Appeals, and further assuming that the *Page 165 
sufficiency of the indictment to charge the offense for which he was sentenced can be raised for the first time on appeal, I, nevertheless, conclude that the indictment, charging the offense in the language of the statute, not only would support the sentence, but would have been good against demurrer. "[U]nder our system of pleading, indictments are rather a statement of legal conclusions, than of facts. Hochman v.State, 265 Ala. 1, 91 So.2d 500 (1956). An indictment is sufficient if it charges an offense in the language of a statute, and it need not set up proof necessary to a conviction. Finley v. State, 28 Ala. App. 151, 181 So. 123, cert. denied 236 Ala. 161, 181 So. 125 (1938).
Here, the indictment tracked the language of the statute in charging an offense of "escape from a person or guard having him in charge under authority of law." Obviously, the State had to prove that Behel was, in fact, a convict and that he was in lawful custody. Behel makes no claim that these facts were not proved. In fact, the opinion of the Court of Criminal Appeals shows that the allegations of the indictment were proved. I would affirm the judgment entered by the Court of Criminal Appeals.
ADAMS, J., concurs.