Billy Ray Black was indicted, tried and convicted of "escape in the first degree" in violation of § 13A-10-31, Code of Alabama 1975. He was sentenced by the trial court to a term of fifteen years' imprisonment.
Billy Ray Black's escape from the Calhoun County Jail with two other prisoners was not disputed at trial. The only pertinent fact disputed at trial was whether or not appellant "employed physical force, a threat of physical force, a deadly weapon or a dangerous instrument" during his escape as is required to raise the offense to one of escape in the first degree. This fact was resolved by the jury against the appellant as there were several witnesses who testified that during the escape appellant carried and threatened them with a "shank" (a metal weapon resembling an ice pick, sharpened at one end with melted plastic on the other end to be used as a handle.) The sufficiency of the evidence in this case is not questioned on this appeal.
 I
Appellant first challenges the propriety of the trial court's action of qualifying the jury venire outside the presence of the appellant.
Had this been a capital murder case, this argument would have been well founded. Knight v. State, 273 Ala. 480, 142 So.2d 899
(1962). However, even though some of the earlier cases may have left this issue unsettled as to non-capital cases [see Bernessv. State, 263 Ala. 641, 83 So.2d 613 (1955), and cases therein cited], it is now quite clear that appellant's presence was not required when the jury venire was organized and some prospective jurors were excused. Dean v. State, 54 Ala. App. 270, 307 So.2d 77 (1975); Yancey v. State, 56 Ala. App. 577,324 So.2d 292, cert. denied, 295 Ala. 430, 324 So.2d 296 (1975);Andrews v. State, 359 So.2d 1172 (Ala.Cr.App. 1978). Moreover, as was the case in Andrews, supra, and Yancey, supra, the appellant, in the instant case, was present when the particular jury that heard this case was qualified and chosen.
 II
Appellant's other contention on this appeal is that the trial court erred in overruling appellant's demurrer to the indictment. Appellant argues that the indictment was fatally defective because it failed to allege that appellant escaped from "lawful" custody. Instead, the indictment charged a first-degree escape from a "penal facility." (R. 147)
Appellant asserts that without a "lawful" detention there can be no offense of escape; therefore, it must be spelled out in the indictment. In lieu of ruling on this assertion, we need only point to the case of Summers v. State, 348 So.2d 1126
(Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.), cert. denied, 435 U.S. 981, 98 S.Ct. 1633, 56 L.Ed.2d 75 (1977), for the following statement as to the due process requirements for a sufficient indictment:
 "An indictment should be specific in its averments in four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record."
Based on these guidelines, which also embody our preference for substance over form in our modern pleading, we find that this indictment (R. 147) was clearly sufficient to apprise the appellant of the charge against him and to safeguard against double jeopardy and improper judgments. Sections 15-8-4, -25, Code of Alabama *Page 322 
1975; Summers, supra; Deason v. State, 380 So.2d 373
(Ala.Cr.App. 1980); Johnson v. State, (M.S. June 23, 1981) (Ala.Cr.App. 1981).
Therefore, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.