This is an appeal by the state from an order of the Circuit Court of Pike County dismissing an indictment.
On September 26, 1985, an indictment was returned in Pike County Circuit Court against the appellee, Harry Palmer, charging him with theft of property in the first degree. On October 14, 1986, a preliminary hearing was held, at which the state failed to produce any witnesses and/or evidence. Palmer's attorney's motion to dismiss the case and the indictment was granted. On January 28, 1987, a second indictment, identical to the first, was returned, and Palmer was arraigned on May 13, 1987. Appellee Palmer filed a motion for a preliminary hearing, as well as a motion to dismiss the indictment. Both motions were heard on June 3, 1987. One witness was called, who testified as follows:
"Q: State your name, please, sir.
"A: Billy Richburg.
 "Q: All right, back in January of 1987, were you an employee of the District Attorney's office in Pike County, Alabama?
"A: Yes, sir.
 "Q: All right. Where you in charge of subpoenaing witnesses and helping make arrangements for attendance of witnesses at the Grand Jury?
"A: Yes, sir.
 "Q: During that Grand Jury when the matter against Harry Palmer, which we are here today on, came before that Grand Jury, was there a witness named Mr. Art Wilson who testified before the Grand Jury as to these matters?
"A: Yes, sir."
At this point in the hearing, Palmer's attorney objected and claimed this criminal prosecution was being pursued by the special prosecutor in order to force a settlement of a civil suit. He stated that a case was pending against Palmer in which the special prosecutor represented the plaintiff. After Palmer's objection, the special prosecutor withdrew, with the court's permission, to avoid any suggestion of impropriety or misconduct. The court dismissed the case and the indictment stating, "the Court granted said Motion to Dismiss, there being no evidence offered by the State at preliminary hearing to support the Indictment."
On appeal, the state raises three issues:
 I
First, the state contends that the circuit court was without jurisdiction to hold a preliminary hearing because exclusive jurisdiction to hold preliminary hearings is vested in the district court.
This is a correct proposition of law. Section 15-11-2, Code of Alabama (1975), reads:
 "The district court shall exercise exclusive jurisdiction to hold preliminary hearings in prosecutions for felonies.
 "A preliminary hearing determination by the district court finding no probable cause shall not be res judicata with respect *Page 1007 
to the issue of probable cause, and the state shall not be barred from proceeding further."
This is supported by § 12-12-32, Code of Alabama (1975), which reads:
 "(a) Misdemeanors. — The district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except:
 "(1) Prosecutions by municipalities having municipal courts;
 "(2) Any such prosecution which also involves a felony offense which is within the exclusive jurisdiction of the circuit court, except as the district court is empowered to hold preliminary hearings with respect to felonies and to receive guilty pleas as provided in subsection (b) of this section; and
 "(3) Any misdemeanor for which an indictment has been returned by a grand jury.
"(b) Felonies.
 "(1) The district court may excercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law as felonies not punishable by sentence of death.
 "(2) The district court shall have jurisdiction to hold preliminary hearings in prosecutions for felonies as provided for in Title 15 of this Code."
For this reason, the hearing was a nullity.
 II
Second, the state contends that Palmer was not entitled to a preliminary hearing to determine probable cause after a grand jury had already passed down an indictment establishing probable cause. In this regard, the settled law has been stated as recently as Herriman v. State, 504 So.2d 353, 357
(Ala.Cr.App. 1987):
 " 'Constitutionally, a preliminary hearing is not necessary to satisfy the requisites of due process.' Duncan v. State, 369 So.2d 885, 887
(Ala.Cr.App. 1979). Although § 15-11-1, Code of Alabama (1975), establishes the right to a preliminary hearing where it is demanded within 30 days following the arrest, where an indictment is returned prior to the hearing, the accused is no longer entitled to the preliminary hearing."
See also, Bradford v. State, 387 So.2d 906 (Ala.Cr.App. 1980), and Copeland v. State, 455 So.2d 951 (Ala.Cr.App. 1984).
Consequently, we hold that Palmer was not entitled to, and should not have been granted, a preliminary hearing, by the circuit court because a grand jury indictment had already been returned. For this additional reason, the hearing was a nullity.
 III
Third, the state contends that the indictment was a valid indictment, so that its dismissal was error. According to the record, the appellee was charged with a violation of § 13A-8-3, Code of Alabama (1975), which states, in pertinent part:
 "(a) The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another, constitutes theft of property in the first degree."
Theft of property is defined by § 13A-8-2, Code of Alabama (1975), as "knowingly obtaining or exerting unauthorized control over the property of another, with intent to deprive the owner of his property." The indictment gainst the appellee charges that he:
 "did knowingly obtain or exert unauthorized control over 35000 NP 1.2-12 batteries, of the value of $30,135.00, 3000 corrugated packing tubes, of the value of $360.00, and 3500 corrugated inside packing units, of the value of $2,835.00, the property of Miltope Business Products, Inc., a corporation, of the aggregate value of $33,330.00, and 84 metal pay telephone station enclosures, the property of TTI Telecommunications Inc., a corporation, of the aggregate value of $25,200.00, with the intent to deprive the owners of the said property, in violation of Section 13A-8-3 of the Code of Alabama. . . ." *Page 1008 
"The indictment need only state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what was intended." Summers v. State, 348 So.2d 1126 (Ala.Crim.App. 1977). "An indictment which follows the language of a statute is sufficient to apprise the [defendant] of the charges against him, and to allow him to prepare a defense." Copeland v. State,455 So.2d 951 at 956 (Ala.Cr.App. 1984), cert. denied,455 So.2d 956 (Ala. 1984).
In determining the sufficiency of an indictment substantially following the language of the statute, "the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense." Hochman v. State, 265 Ala. 1, 3,91 So.2d 500 (1956).
In comparing the language of the indictment to the language of the statutes involved, we observe that the language of the indictment follows the language of the statutes sufficiently for the appellee to be informed of the accusation. It was also sufficient to allow the appellee to prepare his defense and to protect him against a subsequent prosecution for the same offense. There was evidence that a witness testified before the grand jury on the matters contained in the indictment. Therefore, the indictment was not due to be dismissed for legal or evidentiary insufficiency. Therefore, the court erred in granting appellee's motion to dismiss the indictment.
Consequently, we hold that the circuit court did not have jurisdiction to hold a preliminary hearing and that a preliminary hearing could not be held by the circuit court after an indictment on the same charge arising from the same facts. Finally, we hold that the indictment charging the appellee with theft of property in the first degree was legally sufficient and should not have been dismissed. Therefore, we reverse and remand this case for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.