TYSON, Judge.
Joseph Whatley was indicted for unlawful possession of a controlled substance, to-wit: cocaine, in violation of § 13A-12-212, Code of Alabama 1975. A jury found him “guilty as charged in the indictment.” He was sentenced to a term of five years’ imprisonment and a fine of $1,000, and was ordered to pay $100 to the Crime Victims’ Compensation Fund and costs of court. He appeals.
On May 6, 1989, two officers with the Dothan Police Department were on foot patrol on Appletree Street in Dothan, Alabama, when they observed the appellant and another male sitting in a Ford Escort automobile in a parking lot. Officer Parrish testified that they observed the appellant hold a can up to his mouth and strike a lighter over it. He explained that this is how crack cocaine is commonly smoked. Officer Parrish further testified that there was a strong odor of burned cocaine present in the automobile. The officers also found a large amount of burned residue still present in the car. The appellant was arrested and charged with possession of crack cocaine.
I
Appellant contends it was reversible error to exclude him and his counsel from the qualification of the jury. Specifically, this appellant argues that to deny him or his attorney access to the initial qualification of the jury venire violates the appellant’s due process right as well as his right to counsel.
*967 This court in Black v. State, 401 So.2d 320 (Ala.Cr.App.1981), set out the rule regarding appellant’s presence during the initial qualification of the jury venire:
“[I]t is now quite clear that appellant’s presence was not required when the jury venire was organized and some prospective jurors were excused. Dean v. State, 54 Ala.App. 270, 307 So.2d 77 (1975); Yancey v. State, 56 Ala.App. 577, 324 So.2d 292, cert. denied, 295 Ala. 430, 324 So.2d 296 (1975); Andrews v. State, 359 So.2d 1172 (Ala.Cr.App.1978).”
Black at 321. See also Ashurst v. State, 462 So.2d 999, 1011 (Ala.Cr.App.1984). This rule applies to both the appellant and his counsel.
Therefore, the trial court properly denied the motion for continuance based on the absence of the appellant and his counsel from this proceeding. The record does not support the appellant’s claim that he and his counsel were affirmatively excluded by the trial court from the preliminary jury qualification.
II
Next, the appellant argues that the statute proscribing the possession of a controlled substance, specifically, § 13A-12-212, Code of Alabama 1975, is unconstitutionally vague. However, this issue is raised for the first time on appeal. Our jurisdiction is appellate only. Trawick v. State, 431 So.2d 574 (Ala.Cr.App.1983). We cannot consider matters on appeal which have not first been presented to the trial court. Weathington v. City of Birmingham, 52 Ala.App. 77, 289 So.2d 645 (1973), cert. denied, 292 Ala. 757, 289 So.2d 649 (1974); Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982). Therefore, this issue is not preserved for review.
III
Last, the appellant contends that his indictment failed to charge a criminal act and is therefore void. Specifically, this appellant argues that his indictment makes no mention of the intent necessary to commit the crime.
The appellant was charged with violation of § 13A-12-212, which reads in pertinent part:
“§ 13A-12-212. Unlawful possession or receipt of controlled substances.
“(a) A person commits the crime of unlawful possession of controlled substance if:
“(1) Except as otherwise authorized, he possesses a controlled substance enumerated in schedules I through V.”
Cocaine is a controlled substance enumerated in schedules I through V. § 20-2-20 through 20-2-31, Code of Alabama 1975.
The indictment against this appellant reads as follows:
“Joseph Whatley, whose name is to the' Grand Jury otherwise unknown, on or about May 6, 1989, did unlawfully possess a controlled substance, to-wit: Cocaine, in violation of 13A-12-212 of the Code of Alabama.”
This court, in State v. Palmer, 546 So.2d 1005 (Ala.Cr.App.), cert. den., Ex parte Palmer, 546 So.2d 1008 (Ala.1988), stated:
“ ‘The indictment need only state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what was intended.’ Summers v. State, 348 So.2d 1126 (Ala.Cr.App.1977). ‘An indictment which follows the language of a statute is sufficient to apprise the [defendant] of the charges against him, and to allow him to prepare a defense.’ Copeland v. State, 455 So.2d 951 at 956 (Ala.Cr.App.1984), cert. denied, 455 So.2d 956 (Ala.1984).
“In determining the sufficiency of an indictment substantially following the language of the statute, ‘ “the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the *968 same offense.” ’ Hochman v. State, 265 Ala. 1, 3, 91 So.2d 500 (1956).”
Palmer, at 1008.
In comparing the language of the indictment to the language of the statute involved, we find it apparent that the language of the indictment follows that of the statute sufficiently for this appellant to be informed of the accusation. It was also sufficient to allow this appellant to prepare his defense and to protect him against a subsequent prosecution for the same offense.
After a review of the record, we find that the indictment charging the appellant with unlawful possession of a controlled substance was legally sufficient. For the reasons shown, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.