FRY, Judge.
The appellant, Clifford Jones, was convicted on two counts of breaking and entering a vehicle, a violation of § 13A-8-11, Ala.Code 1975, and two counts of second-degree theft, a violation of § 13A-8-4, Ala. Code 1975. For each felony conviction, he was sentenced as a habitual felony offender to 15 years’ imprisonment. Each sentence was split and he was ordered to serve 3 years, followed by 3 years’ probation, and the sentences were to run concurrently. Additionally, he was convicted of one count on third-degree criminal mischief, a violation of 13A-7-23, Ala.Code 1975, and was sentenced to 12 months’ imprisonment; that sentence was to run concurrently with the sentence imposed for his felony convictions.
I.
Appellate counsel has fíled a brief with this Court stating that he can find no reversible error in the record, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
The appellant requested that appellate counsel argue on appeal that the trial court’s denial of his request for a preliminary hearing violated his right to due process.
Appellate counsel filed a brief in response to the argument posed by the appellant. Counsel analyzed the allegation under the appropriate standards set forth in Copeland v. State, 455 So.2d 951, 955 (Ala.Cr.App.1984), and determined that there was no reversible error. See also, e.g., Smith v. State, 745 So.2d 922 (Ala.Cr.App.1999); Kuenzel v. State, 577 So.2d 474, 483 (Ala.Cr.App.1990); State v. Palmer, 546 So.2d 1005, 1007 (Ala.Cr.App.1988); Waldrop v. State, 523 So.2d 475, 490 (Ala.Cr.App.1987).
A review of the record reveals that the appellant executed a proper explanation of rights and plea of guilty form. During the guilty plea hearing, the trial court engaged in a lengthy colloquy with the appellant; in that colloquy the court explained the appellant’s rights and ensured that the appellant’s waiver of those rights was knowing and voluntary. The appellant testified concerning the facts surrounding the charges against him, and the trial court determined that a factual basis for the guilty plea had been established. The trial court advised the appellant of the range of punishment that could be imposed upon conviction, including the application of the Habitual Felony Offender Act, and the appellant stated that he understood the range of possible punishment.[1] Thus, we agree with counsel’s assertion that the appellant’s claim that his due process rights were violated is without merit.
II.
Although the appellant did not raise this issue on appeal, his sentence of 12 months’ imprisonment for third-degree criminal mischief exceeded the maximum prescribed by law. The appellant was convicted pursuant to § 13A-7-23, Ala.Code 1975. Third-degree criminal mischief is a Class B misdemeanor. § 13A-7-23(b), Ala.Code 1975. The sentencing range for a Class B misdemeanor is not more than six months. § 13A-5-7(a)(2), Ala.Code 1975.
The appellant’s sentence was excessive; therefore, we must remand this case with the instructions that the trial court vacate the appellant’s sentence for third-degree criminal mischief and hold a new sentencing hearing. The trial court shall sentence the appellant in accordance with § 13A-5-7(a)(2), Ala.Code 1975, and this opinion. The trial court shall take all necessary *570 action to ensure that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a new sentencing order and a transcript of the proceedings.
The appellant’s convictions are affirmed, and the case is remanded for a new sentencing hearing.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.*
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. Although the trial court incorrectly informed the appellant of the sentencing range for third-degree criminal mischief, this error was to the appellant’s benefit and resulted in a lesser sentence for this conviction.

 Note from the reporter of decisions: On February 4, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.