MONROE GOODMAN V. THE STATE.

No. 22554. Delivered June 9, 1943.

The opinion states the case.

*W. E. Martin*, of Abilene, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The charging part of the information reads as follows: "on or about the 18th day of February A. D. 1943, one Monroe Goodman did then and there unlawfully, use violence inflicting serious bodily injury upon Dean Manrick - - - - - - - - - - - - - - -."

The punishment assessed is a fine of $100.00 and confinement in the county jail for three months.

It was the State's contention that, under the provisions of Art. 1147, Section 7, P. C., the information charged the offense

of aggravated assault. The punishment authorized to be inflicted by the jury in the charge of the court was that as defined by Art. 1149, P. C., relative aggravated assault.

No attack on the information was made in the trial court. Hence, the question before us is whether the information is sufficient, on its face, to authorize the conviction.

The offense of aggravated assault lies in the commission of an assault, or assault and battery, under certain circumstances (Art. 1147, P. C.). An essential element, therefore, is the commission of an assault in the first instance. An assault and battery is constituted by the "use of any unlawful violence upon the person of another with intent to injure him, - - - - - - - - - - - - - - -." (Art. 1138, P. C.).

In order to charge the constituent elements of the offense of aggravated assault, there must be allegations sufficient to charge the use of unlawful violence upon the person of another. The information in the instant case contains no such allegations or allegations tantamount thereto. The most favorable construction that can be given the language of the information is that, by the use of unlawful violence, an injury was sustained by a certain named person—without alleging that the unlawful violence was against the party injured. The rule as stated in 4 Tex. Jur., p. 895, is as follows: "An indictment or information for aggravated assault or aggravated assault and battery should ordinarily charge, first, the assault, with all necessary particularity as to time, place and circumstances, - - - - - - - - - - - - - -."

The conclusion is here reached that the information fails to allege the constituent elements necessary to constitute the offense of aggravated assault, and that the judgment of the trial court should be reversed and the prosecution dismissed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.