## MICKEY TAGGART V. STATE

No. 28,198. April 25, 1956.

Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) May 30, 1956.

*Scarborough, Yates, Scarborough & Black* by *John Crutchfield* and *Larry Scarborough*, Abilene, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is persuading a child under the age of 14 years to enter a motor vehicle for the purpose of committing an aggravated assault upon such child under Article 535b, V.A.P.C.; the punishment, one year in the penitentiary.

The injured party was a six-year old girl of Latin-American extraction. She and her ten-year old brother were on the way home from school when the appellant came along in an automobile and offered them a dime to get in the automobile with him. He then drove about two miles in the country where he brought his automobile to a halt.

Lupe, the older brother, testified that after they stopped the appellant told his sister to lie down and "he just run her dress up with his hand like that and try to get her underwear off" but "didn't quite get them off;" that she cried: that the appellant desisted and drove them back to town; and that his sister was still crying when they got out of the automobile.

The injured child testified that the appellant tried to take off her "panties" and that she cried because she was afraid of him.

It was proven, without objection, that a few days following the instant assault the appellant had plead guilty to some type of sex offense against a five-year old boy and received a three-year suspended sentence.

The appellant did not testify in his own behalf but offered a number of witnesses as to his reputation.

The facts will be discussed more fully in connection with the contentions advanced in appellant's brief and argument.

The appellant was seventeen years of age and therefore could not be guilty of aggravated assault under Subsection (9) of Article 1147, V.A.P.C., and the exception contained in the 1954 Amendment applies only to that sub-section.

He first contends that the evidence is insufficient to support the charge as plead and submitted to the jury. The count of the indictment submitted to the jury alleged that the appellant enticed the child to enter a vehicle "for the purpose of committing an aggravated assault on said child." The court charged the jury under Subdivision (5) as follows: An assault becomes aggravated "when the means used is such as inflicts disgrace upon the person assaulted. Indecent familiarity by a male person with a female person against her will and without her consent is aggravated assault."

He then told the jury that if it found that the appellant with lascivious intent enticed, allured, persuaded or invited the injured child to enter a vehicle for the purpose of committing an aggravated assault on said child, they should find him guilty.

It has been the consistent holding of this court that a minor may commit an aggravated assault under any of the subdivisions of Article 147 except Subdivision (9) and that the indecent familiarity by a male person with a female person against her will and without her consent is aggravated assault. Hand v. State, 88 Tex. Cr. Rep. 422, 227 S.W. 194, and cases there cited.

From the above evidence, the jury was authorized to conclude that the appellant with lascivious intent enticed the injured child into the automobile for the *purpose* of committing an aggravated assault upon her. Whether or not the acts of the appellant fell short of indecent familiarity is not before us, and the fact that the appellant desisted without the intervention of an outside force did not preclude the jury from finding that such was his purpose at the time he enticed her to enter his automobile. Fisher v. State, 160 Tex. Cr. Rep. 634, 274 S.W. 2d 397.

We here observe that the appellant should not be permitted to complain that he was charged and the jury was instructed that he might be found guilty if it believed that his purpose was to commit a misdemeanor, to-wit, aggravated assault, when the facts showed that his purpose was to commit the more serious felony of fondling.

Appellant next contends that the court erred in failing to charge on circumstantial evidence. We are cited no cases in support of such contention and know of none that would require the giving of such a charge under the facts before us here.

Appellant next asserts that the trial court erred in not submitting simple assault. We do not think so. Simple assault is not a lesser included offense under an indictment for the offense here charged.

When the appellant enticed the child into the automobile for the purpose of having indecent familiarity with her, the felony offense here charged is complete. Whether or not he ultimately committed the aggravated assault upon her is not the test.

Appellant's last contention is that the court erred in refusing to permit his counsel to inform the jury that a conviction in this case would require that the sentence herein be cumulated upon the revocation of the suspended sentence under which the appellant was then at liberty. This was clearly a question of law and not one of fact to be submitted to the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

The indictment in this case charges that appellant, with lascivious intent, did entice, allure, persuade, and invite a child under the age of fourteen years to enter a vehicle for the purpose of committing an aggravated assault on said child.

The statute under which the indictment was attempted to be drawn is Sec. 1, of Art. 535b, Vernon's P.C., which reads as follows:

"It shall be unlawful for any person with lascivious intent to entice, allure, persuade, or invite, any child under fourteen (14) years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, if the child be a female, or for the purpose of committing an aggravated assault on such

child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person."

The question of commanding importance is whether the indictment charges a violation of that statute. It will be noted that there is an entire absence of any allegation in the indictment that the child was a female.

The statute applies to children under the age of fourteen years, both male and female, when the enticement is for the purpose of (a) proposing to such child the performance of an act of sexual intercourse, or (b) proposing to such child an act which constitutes sodomy.

The count in the indictment upon which this conviction rests does not attempt to allege that the purpose of the appellant was to commit either of said acts.

The remainder of the statute has reference only to instances when the child is a female—and then, when the enticement is for (a) the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child *if the child be a female,* or (b) the purpose of committing an aggravated assault on *such child,* or (c) the purpose of proposing that *such child* fondle or feel the sexual or genital parts of such person. The words "such child," as used in the last two instances, have reference to a female child.

It is apparent, therefore, that for one to be guilty of violating that statute by enticing a child under the age of fourteen years to enter a vehicle, for the purpose of committing an aggravated assault on that child, the child must be a female and the indictment must so allege.

In not charging that the child was a female, the instant indictment is fatal to this conviction.

A fatally defective indictment, especially one that does not charge the elements necessary to constitute the offense for which the accused has been convicted, may be attacked for the first time on appeal. Branch's P.C., Sec. 521.

This conviction should be reversed and the prosecution ordered dismissed because of the fatally defective indictment.

The indictment appears to be defective in another particular:

Art. 1147, Vernon's P.C., as amended, sets out ten separate and distinct fact situations, any one of which constitutes aggravated assault.

It has long been the holding of this court that in order to charge the offense of aggravated assault the indictment must allege the grounds of aggravation. 4 Tex. Jur. 896, Cain v. State, 138 Tex. Cr. R. 573, 138 S.W. 2d 102; Goodman v. State, 146 Tex. Cr. R. 111, 172 S.W. 2d 94. It is not permissible merely to charge the commission of an aggravated assault.

Here, the indictment nowhere meets that requirement; nowhere therein is there any allegation showing how appellant intended to commit the offense of aggravated assault.

While it is true that appellant made no attack on the sufficiency of the indictment in the trial court in the particular mentioned, the question nevertheless arises as to whether the exceptions and objections to the charge require a determination as to the sufficiency of the indictment.

Notwithstanding the fact that the indictment nowhere alleged the grounds of aggravation or that the child upon whom the assault was intended was a female, the trial court subitted the case to the jury upon the theory that the indecent familiarity by a male person with a female constituted an aggravated assault.

In line with that theory, the jury was instructed as follows:

"An assault becomes aggravated when committed under the following circumstances, to-wit: When the means used is such as inflicts disgrace upon the person assaulted. Indecent familiarity by a male person with a female person against her will and without her consent, is aggravated assault."

In order to convict appellant, the trial court did not require the jury to find that any particular fact or facts existed which would constitute aggravated assault under the definition given. The jury were left free to determine for themselves what fact or facts came within the purview of the definition given them.

Nowhere does Art. 1147, Vernon's P.C., say that the indecent

familiarity by a male person with a female person against her will and without her consent is an aggravated assault.

By judicial interpretation, this court has held that facts which so show constitute a violation of Sec. 5 of Art. 1147, Vernon's P.C., which says that an assault becomes aggravated "when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip or cowhide."

The case which made definite the interpretation mentioned is that of Hand v. State, 88 Tex. Cr. R. 422, 227 S.W. 194, which my brethren cite in their opinion.

In that case a male person under the age of twenty-one years was held to be guilty of an aggravated assault under Sec. 5 of Art. 1147, Vernon's P.C., because he "endeavored for hours, by means of threats and persuasion and physical handling and contact, including putting his hands forcibly under her clothes and on her privates, to induce a virtuous young girl to prostitute herself with him * * * ." It was held that such facts showed a violation of said Sec. 5, upon the proposition that the indecent fondling by a male person of a female person against her will and without her consent is aggravated assault.

Here, again, is demonstrated the necessity that the indictment in this case allege that the child upon whom the assault was intended was a female.

But my brethren say that such was not necessary—and this, even though the whole of the state's case depended upon the fact that the child was a female person.

The opinion in the Hand case contains other statements which become very important here, for the rule is there announced that if the act on the part of the accused "did not create any sense of shame, and was not against the will and consent of the prosecutrix, he would be guilty of no offense."

Hence, in order that indecent familiarity constitute aggravated assault, the facts must show that such familiarity was without prosecutrix' consent and that it created a sense of shame within her.

Now, what are the facts here relied upon to meet the requirements above stated? The child (prosecutrix) at the time

of her testimony was six years of age. I quote her entire testimony:

"Q. What is your name? A. Linda. Linda Villarrea.

"Q. How old are you, Linda? A. Six.

"Q. What is your mother's name? A. Rita.

"Q. Do you have a brother? A. Got two brothers.

"Q. State whether or not one of your brothers is named Lupe? A. Yes.

"Q. How old is Lupe? A. Don't know.

"Q. Ask if about three or four weeks ago she and Lupe went in company with a man and drove out in the country the other side of Rotan? A. Yes.

"Q. Did the man bother her any while they were out there in the country? A. No.

"Q. Ask her if she cried any while she was out there? A. Yes.

"Q. Ask her why she cried? A. Cause she was afraid.

"Q. And who was she afraid of? A. An hombre, that man.

"Q. Lupe, do you see the man in the courtroom? I mean Linda. A. Yes, over there.

"Q. This boy right here? A. Yes.

"Q. What did he do to you out there, Linda? State whether or not he—tell whether or not he put his hand on her clothes? A. Just her dress.

"Q. Did he try to take any of your clothes off, Linda? A. Yes.

"Q. He did. What part of your clothes did he try to take off? A. Underwear.

"Q. Without moving her dress or anything just show us where he put his hand? A. Right here.

"Q. Ask her if he hurt her in any way? A. No.

"Q. Ask her if he said anything to her? A. Don't know.

"Q. Did the boy put his hand under your dress? A. No.

"Q. What part of your underwear did he try to take off? Ask her if she had on any panties? A. Yes.

"Q. Did he try to take your panties off? A. Yes.

"Q. Did he reach under your dress and try to take your panties off? A. No.

"Q. Did he try to pull your skirt off with your panties? A. No.

\* \* \*

"Q. Did he have any—did he say why he wanted you to take your pants off, your clothes off? A. No.

"Q. Did he say what he was going to do if you took your clothes off? A. No.

"Q. Do you remember anything that the defendant said?

"THE COURT: That 'defendant' is meaningless.

"Q. Do you remember anything that the boy said? A. No."

When the state placed the child on the stand as a witness it vouched for her ability to testify.

Nowhere does she testify to any facts which show that what was done by appellant produced in her a sense of shame or that it was done without her consent.

If it be insisted that these facts were established circumstantially, then we have a case depending upon circumstantial evidence and the appellant's request for a charge upon circumstantial evidence should have been given.

Were it not for the following matter, I probably would have contented myself with limiting this dissent to the defective indictment. But in view of the confusion that is bound to arise and exist by reason of the holding in the majority opinion, I feel compelled to write further.

In 1950, the 51st Legislature of this state enacted the so-called fondling statute: Art. 535d, Vernon's P.C., by which it is made a felony for one "with lascivious intent to intentionally place or attempt to place his or her hand or hands, or any portion of his or her hand or hands upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

The same legislature enacted the so-called enticing statute, Art. 535b, Vernon's P.C., this being the statute under which this prosecution was brought and maintained. The same legislature amended Art. 1147, P.C., the aggravated-assault statute, so as to make it clear that Sec. 9 of Art. 1147, Vernon's P.C., the section which makes an assault aggravated when committed by an adult male upon the person of a child, was not to apply to the act of a person who fondles the sexual parts of a female under fourteen years of age.

While reference is had only to Sec. 9 of Art. 1147, Vernon's P. C., as amended, no interpretation appears warranted other than that the legislature intended to include therein cases arising under Sec. 5 of Art. 1147, P.C., involving indecent familiarity with a female under fourteen years of age.

All of this legislation makes it clear that from and after the passage thereof it was no longer an aggravated assault for one to fondle the person of a female under the age of fourteen years, but that such acts constituted the felony offense of fondling (Art. 535d, Vernon's P.C.). We gave that effect to Art. 535d in Daywood v. State, 157 Tex. Cr. R. 266, 248 S.W. 2d 479, when we said that "The construction to be given to the exception to Sec. 9 of the aggravated assault statute, Art. 1147, P.C. as amended, is that the legislature intended that Art. 535d, Ver-

non's P.C., should control over other statutes in cases of fondling of the sexual parts of a female under the age of fourteen years."

What my bretheren here hold is to the exact contrary, for they say that indecent fondling of or familiarity with the person of a female under the age of fourteen years by a male person under twenty-one years of age constitutes and is aggravated assault.

The holding in the Daywood case and that in the instant case are directly conflicting, one with the other. Both cannot exist.

A complete state of confusion thus exists in our decisions. This should not be. If it is aggravated assault for a male person under twenty-one years of age to fondle the person of a female under fourteen years of age, the Daywood case should be overruled; if such facts do not constitute aggravated assault, then the instant case should be reversed.

I respectfully dissent from the affirmance of this case.