[Crim. No. 1204.   Fourth Dist.   May 23, 1956.]

THE PEOPLE, Respondent, v. JOHNNY COSTA, Appellant.

J. M. Lopes for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant, aged 18 years, was charged by information, in count one, with the crime of committing statutory rape on a girl 13 years of age. In the second count he was charged with violating section 288 of the Penal Code by performing certain lewd and lascivious acts upon her body. A jury trial resulted in a verdict of not guilty on the first count and guilty on the second count. Conditional probation was granted for three years providing defendant served five months in the county jail. He appeals from the orders denying a new trial, an oral motion in arrest of judgment, motion to set aside count 2 of the information and judgment or order granting probation under section 1237, subdivision 1 of the Penal Code.

On July 18, 1955, the minor child, Susan, resided in Visalia with her parents who, that evening, were at a show.

About 9:30 p. m. she, accompanied by a 13-year-old girl from Whittier named Judy, met by prearrangement, defendant and five other boys, all under 19 years of age, and went with them in a pick-up truck to a somewhat secluded place near Visalia. Their truck, driven by one of the boys, stopped. Defendant was seated in the front seat with him. The girls were in the back portion of the truck. Susan and a boy named Glenn walked down the road and in 15 minutes returned. Apparently they had been arguing as to whether Susan was a virgin, and this fact was discussed in the presence of all. Defendant stated he "didn't take that from any woman or any girl," and that he was going to "make her." There is a conflict in their stories as to whether force was used by defendant in the acts that followed. They repaired to a secluded place near the river bank and the girl continued to remark of her virginity. Apparently defendant made overtures toward her in an endeavor to have an act of sexual intercourse with her and he stated that she would only allow him to place his finger in her vagina, which he did do. Thereafter, he lifted her over a fence and carried her to another spot, took off one shoe so one leg of her pedal pushers could be removed. He then placed himself on top of her. The girl testified there was a partial penetration of her private parts by his. Defendant contended at the trial that there was no penetration but he was satisfied by placing his private parts next to hers. Thereafter the group left and returned to the girl's home. She discovered that her parents had returned home so she went to the home of a neighbor in whom she had confidence and told her of the affair. The neighbor noticed the dirty condition of her clothing, hair and her general physical condition and mental disturbance, took her to the hospital and called the sheriff. A doctor examined her and found fresh spermatic fluid in the pubic hair and in the vagina and found a short fresh bleeding hymenal laceration between one-eighth and one-fourth inch in length.

The sheriff's officers apprehended defendant at his home. ■ Later he told about the occasion, signed a statement to this effect, admitted partial penetration and that he inserted his finger in Susan's vagina. The evidence is sufficient to show the commission of both offenses charged. (*People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512].)

It appears that defendant was originally charged in a complaint before the committing magistrate with the crime of statutory rape and was held to answer on that charge.

Subsequently, the district attorney added the additional count to the information based upon the evidence at the preliminary hearing. Defendant now claims that the trial court erred in denying his motion to set aside that count of the information on the ground that there was no sufficient evidence before the committing magistrate of such added offense. There is no reporter's transcript of the preliminary hearing before us. No relief is sought under section 999a of the Penal Code. From the record before us the proceedings appear to be proper. (Pen. Code, § 739; *People* v. *Martin*, 128 Cal.App. 2d 361 [275 P.2d 635].) ■ Since there is no direct appeal from the order denying the motion to set aside the information, it can only be reviewed on an appeal from the judgment. Accordingly, the attempted appeal from such order must be dismissed. (*People* v. *Egan*, 73 Cal.App.2d 894 [167 P.2d 776].) ■ The attempted appeal from the order denying defendant's oral motion in arrest of judgment on the same ground must likewise be dismissed. (*People* v. *McGee*, 31 Cal.2d 229 [187 P.2d 706].)

■ The next claim is that the prosecuting attorney and the trial court were guilty of prejudicial misconduct during the argument of the case and in instructing the jury. It appears that several of the boys on the trip testified at the trial. Counsel for defendant on cross-examination of the boys first brought out the fact that they had each been charged with and pleaded guilty to contributing to the delinquency of a minor child but had not been sentenced at the time of this trial. In his argument to the jury he bore upon the fact that the prosecution showed partiality in charging this defendant with the crimes indicated and not also charging him with that lesser offense. He argued that under the law those other boys were equally guilty of these offenses because they did, as a matter of law and fact, aid and abet defendant in the commission of them. An instruction to this effect was offered by defendant and refused. The court interrupted his argument and told the jury that as a matter of law, under the evidence, those boys could not be held to be principals. The trial court, from the evidence produced, was justified in so holding, in refusing the proffered instruction and was authorized to inform counsel for defendant, as well as the jury, of such ruling so as to preclude further argument to that effect.

A more serious question arises as to the next claim. In the prosecutor's opening argument to the jury he properly

informed it that if it found defendant guilty on the first count it was its duty to recommend whether defendant be punished by confinement in the state prison or a county jail. He then improperly said: "I know the judge would never do anything other than what the jury recommends. . . ." At that point the court interrupted the prosecutor and said: "I don't understand that the court is precluded from granting probation despite the recommendation. . . ." Defendant's counsel assigned the remark of the court as prejudicial error. The prosecutor refrained from further comment in this respect and endeavored to explain the possible verdicts that could be rendered under the charge, including the included charge of contributing to the delinquency of a minor child, and said: "If you find him guilty of lewd and lascivious conduct you don't make any recommendation . . . that is something which is only in the province of the judge and you are not to concern yourself with punishment."

In the argument of counsel for defendant he suggested, at most, a verdict of guilty of contributing to the delinquency of a minor, an included offense. (See *People* v. *Greer, supra.*) He then remarked that the prosecution elected to file charges of statutory rape, a felony, with the right of the jury to determine whether or not "you shall send him to the penitentiary or recommend local incarceration"; that as to the second count "it does not give you the privilege of recommending. It is a state penitentiary offense. That is what it amounts to." In reply the prosecutor stated that it would have been unfair to have charged these other boys with the crimes here charged, and it was unfair, from the evidence, for counsel for defendant to suggest that they be treated alike. He then said that counsel for defendant well knew that the question of punishment on the second count was "up to the judge"; that neither he nor defendant's counsel had a right to tell the jury about the punishment on that count; that since defendant's counsel brought up the question of punishment on that count it was only fair to say that the judge could exercise his discretion and "put defendant on probation, if he wants to." No assignment of error was made to the argument of the prosecutor.

After the jury retired, it returned for further instruction and one juror stated that some of the jurors were confused as to punishment on the second count, i.e., whether it was a jail sentence, state prison sentence or probation. The judge

then admonished the jurors that he was not permitted to advise of the punishment; that the matter of probation rested with the court alone and that in fulfilling their duty they should not consider the matter of punishment on that count. Thereafter the jury returned a verdict as above mentioned. ■ While the question of punishment as to the second count, or the possibility of probation on either count should not have been mentioned to the jury either by counsel for defendant or the prosecution, and should not have been considered by the jury in determining whether the defendant was innocent or guilty, we conclude that the trial judge did not commit prejudicial error in the remarks made. It was a conscientious effort to clarify the statement made and insinuations left by respective counsel. No prejudicial error resulted from the prosecution attorney's argument in reply to the argument of defendant's counsel, since the trial court correctly informed the jury in the final analysis as to the jury's duty in this respect. (*People* v. *Sykes,* 44 Cal.2d 166 [280 P.2d 769].)

Judgment and order denying a new trial affirmed. Attempted appeal from remaining orders dismissed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied June 4, 1956, and the following opinion was then rendered:

BY THE COURT.—On a petition for rehearing it has been pointed out that the transcript of the proceedings at the preliminary examination was included among the pages of the voluminous reporter's transcript at the trial. We have carefully examined it and conclude that there was sufficient evidence authorizing the district attorney to add the second and additional count to the information and that the trial court was justified in denying the motion to dismiss that count. As thus modified, the petition for rehearing is denied.

Appellant's petition for a hearing by the Supreme Court was denied June 20, 1956.