227 So.2d 807

**Cecil BOYINGTON**

v.

**STATE.**

**1 Div. 25.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Rehearing Denied Nov. 4, 1969.

Wilters & Brantley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant was convicted of a crime against nature as denounced by Section 106, Title 14, Code of Alabama, 1940.

The indictment reads:

"The Grand Jury of Said County charge that before finding this indictment Cecil Boyington, did commit a crime against nature with Jack Perkins, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment on these grounds: (1) "This indictment does not charge a crime."

(2) "This indictment does not follow the statutory form. "

(3) "From said indictment the defendant does not know what he is called on to defend."

The demurrer was overruled.

Counsel insists the court committed reversible error in overruling the demurrer and in refusing to give certain charges requested in writing.

■ The statute provides that, "Any person who commits a crime against nature, either with mankind or with any beast, shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years." This section embraces all unnatural carnal copulations, whether with man or beast. Woods v. State, 10 Ala.App. 96, 64 So. 508; Parris v. State, 43 Ala.App. 351, 190 So.2d 564.

The statutory form of indictment for crime against nature is:

"A. B., against the order of nature, carnally knew C. D. * * *."

■ It is permissible to use other forms. Golden v. State, 39 Ala.App. 361, 103 So.2d 52.

We have not been cited to, nor has our research revealed, a case from this jurisdiction involving an indictment couched in the language of the statute, but we conclude that the rule laid down in State v. Langelier, 136 Me. 320, 8 A.2d 897, is here applicable. The court said:

"By the weight of recent authority by better reasoning, sodomy as used in connection with statutes prohibiting the crime against nature is interpreted in its broad sense and held to include all acts of unnatural copulation with mankind or beast.

"It has frequently been held that it is sufficient merely to charge the accused with the crime of 'sodomy,' or of 'the crime against nature,' the crime being too well known and too disgusting to require other definition or further details or description. Wharton's Crim.Proc.10th ed., V. 2, Secs. 1234 and 1243; 8 R.C.L. 335."

See also, 48 Am.Jur. Sodomy, Sec. 4, p. 551; 81 C.J.S. Sodomy § 4b, p. 373.

■ We hold that the indictment, in the language of the statute, was sufficient to apprise the accused of the charge against him, and was not defective.

The court in its oral charge instructed the jury, among other things, as follows:

"The defendant * * * has plead not guilty, and that plea puts on the State the burden of proving every material allegation of this indictment. * * *.

"I charge you, Gentlemen of the Jury, this defendant stands, before you under our law clothed with a presumption of innocence; the law says that all defendants—all people—in Alabama charged with any offense are presumed to be innocent and that presumption is a matter of evidence in this case; it is just as though it had been testified to from the

**178**

witness stand, and that presumption of innocence attends a defendant, and attends this defendant until such time as the State has by the testimony brought to you from this witness stand convinced you and each of you—the twelve of you as a group and each one individually, beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in this indictment, and until or unless that point is reached in this case you could not find the defendant guilty, and he would be entitled to a verdict at your hands of not guilty. The burden of proof under our laws in this State is on the State; in Fact, under our Constitution—both the State Constitution and the Federal Constitution says that the defendant does not have to prove himself innocent; the burden of proof is on the State and the State must, by evidence brought to the Jury from this witness stand convince each of you beyond a reasonable doubt and to a moral certainty of the guilty (sic) of the defendant before you could find him guilty. * * * is there something in this evidence or a lack of something in this evidence that makes any one of you doubt the guilt of this man, and if any one of you have a reasonable doubt of the guilty (sic) of this defendant arising out of any part of the evidence, you could not find him guilty."

Refused charges 6, 9, 12 and 14, were fairly and substantially covered by the above portions of the court's oral charge. The first part of charge 12, as to the "non-evidentiary" value of the indictment, was held to be no more than argument in Bush v. State, 23 Ala.App. 502, 27 So. 909, and in Morris v. State, 146 Ala. 66, 41 So. 274.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.