249 So.2d 635

**Weldon H. DONOVAN**

v.

**STATE.**

**4 Div. 62.**

Court of Criminal Appeals of Alabama.

April 6, 1971.

Rehearing Denied·May 11, 1971.

Eleanor O. Oakley and Farmer & Farmer, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant stands convicted of a violation of Act. No. 387, Regular Session 1967, (Title 14, § 326(3) Code of Alabama Recompiled (unofficial). Sentence was fixed at three years in the penitentiary.

The jury returned a verdict finding appellant guilty under Count Six of the indictment, which reads as follows:

"The Grand Jury of said County further Charge that, before the finding of this Indictment Weldon H. Donovan, whose name is to the Grand Jury otherwise unknown, did unlawfully, with lascivious intent attempt to entice, allure, persuade or invite Craig Doster, a male child under 16 years of age, to enter the house of Weldon H. Donovan, for the purpose of proposing to Craig Doster the performance of an act of Sodomy, against the peace and dignity of the State of Alabama."

The statute, in pertinent part, reads:

"It shall be unlawful for any person with lascivious intent to entice, allure, persuade, or invite, or attempt to entice, allure, persuade or invite, any child under sixteen years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act * * * which constitutes the offense of sodomy * * *."

Craig Doster, age 13, testified that on Sunday afternoon, August 24, 1969, he was riding his bicycle to the store to deposit some bottles. When he stopped to call

his dog back he noticed defendant was stopped up the street in a red Chevrolet. The witness started on up the street and defendant turned around and pulled up on the other side. When the boy started to pass him he called him over to his car. Doster testified defendant first asked his age and he told him he was thirteen and would be fourteen in October. Defendant then made some obscene remarks to him and asked if he wanted to earn five dollars. The boy asked, "How?" Defendant said: "Meet me down the street; and we could go riding around and go over to his house and we could fool around with sex." Defendant gave him his house number and drove away. Doster went on to the store and called his father.

Defendant admitted making an obscene remark, but stated he was drinking and when he saw he had embarrassed the boy he told him he had been teasing, and he would pay him five dollars a week to mow his lawn. The boy said he would do it and defendant told him to come on down to the house and he would show him how he wanted it cut. The boy promised to come in an hour and a half.

Defense counsel filed motion for a new trial which was denied by the court.

■ One ground of the motion is that the "Charge embraced in Count Six of the indictment is unconstitutional." This ground of motion does not point out or specify in what respect the claimed invalidity consists. Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021. In brief it is argued that Count Six of the indictment charges "an attempt to attempt to commit a violation of the statute," therefore, the indictment is void and will not support a conviction.

This is a case of first impression in this jurisdiction for a violation of the statute under consideration.

In Huebner v. State, 33 Wis.2d 505, 147 N.W.2d 646 (1967), the charge was attempting to entice a child under the age of 18 years into an automobile for immoral purposes contrary to §§ 944.12 and 939.32 of the Wisconsin statutes. § 944.12 reads:

> "Any person 18 years of age or over, who with intent to commit a crime against sexual morality, persuades or entices any child under 18 years of age into any vehicle, building, room or secluded place may be imprisoned not more than ten years."

§ 939.32 makes an attempt to commit a crime a felony.

Huebner challenged the validity of the charge on the ground that there could be no crime of attempted enticement because the statute is itself an attempt statute. The court held:

> "The crime of enticement of a child for immoral purposes is a completed crime by its very definition and not an attempt to commit a crime against sexual morality. And, this is true regardless of whether other crimes can or cannot be combined with the general attempt statute or contain within their definition words of attempt. * * *. The gravamen of the crime is not the commission of an act against sexual morality, but in succeeding in getting a child under 18 years of age to enter a vehicle, building, room, or secluded place by enticement or persuasion with intent to commit such a crime. The attempt of this crime is completed when the defendant with the necessary intent tries to persuade or entice the child to get into the vehicle or secluded place.

> "Furthermore, we question the validity of Huebner's proposition that the state cannot create a crime out of an attempt to attempt a crime. * * *. No constitutional prohibition forbids the legislature from creating a crime of an attempt to attempt a crime if it can otherwise be done."

■ It is additionally contended that Count Six of the indictment does not charge a crime because it charges that ap-

pellant intended to propose the act of sodomy, without further description of that act. There is no merit in this contention. See Boyington v. State, 45 Ala.App. 176, 227 So.2d 807.

We hold that Count Six of the indictment, in the language of the statute, is sufficient to inform defendant of the charge against him and to support the conviction.

Appellant next contends that the evidence is insufficient to sustain the verdict and that the court erred in denying the motion for a new trial on that ground.

In Fisher v. State (1955), 160 Tex.Cr.R. 634, 274 S.W.2d 397, the court had before it a conviction for a violation of a statute in the exact language of the one here under consideration. In that case the defendant stopped a thirteen year old girl on her way to school and asked if she wanted a ride. She declined and he said, "Do you want a dollar to ride with me?" The child did not reply and continued on to school. Other young girls testified without objection that the defendant had offered them rides near the school. The court said:

"Our decision in this case has been fraught with considerable difficulty, but after careful consideration we have decided that the jury were authorized from the facts heretofore stated to conclude that the invitation to enter appellant's automobile was made with a lascivious intent and for an immoral purpose, which is the gravamen of the act charged."

In Taggart v. State (1956), 163 Tex.Cr. R. 298, 290 S.W.2d 226, the defendant persuaded a six-year old girl and her ten-year old brother to get in the automobile with him. He drove two miles in the country and stopped. He ran his hand under the little girl's dress. She cried, defendant desisted and drove them back to town. The court said:

"Whether or not the acts of the appellant fell short of indecent familiarity is not before us, and the fact that the appellant desisted without the intervention of an outside force did not preclude the jury from finding that such was his purpose at the time he enticed her to enter his automobile."

In Huebner, supra, the court said:

"Huebner strenuously argues there is not sufficient evidence to sustain the conviction. He claims his activities consisted of no more than engaging in obscene conversation with Boote, he did no overt act to froce him into the car, and there were no unequivocal acts showing an intention to engage in sodomy. * * * There is no question Boote was under 18 years of age. The only real issue is whether Heubner's words or conversation constituted an attempted persuasion or enticement to get Boote into the car. Factually, the record shows persistent acts of both persuasion and enticement. Since the evidence in the record which was believed and rationally considered by the trial judge was sufficient to prove Huebner guilty beyond a reasonable doubt, the conviction will not be upset."

It is undisputed that Craig Doster was thirteen years old. The remarks defendant admitted making to him are too sordid to recount. The evidence presented questions for the jury to determine as to his purpose in inviting the child to his house. We are convinced it is sufficient to support the conviction.

The judgment is affirmed.

Affirmed.