679 P.2d 821

**STATE of New Mexico, ex rel. Steven H. SCHIFF, District Attorney for the Second Judicial District, Petitioner,**

v.

**Honorable Patricia A. MADRID, as District Judge for the Second Judicial District, Respondent.**

**No. 15290.**

Supreme Court of New Mexico.

April 11, 1984.

Steven H. Schiff, Dist. Atty., George Z. Guzowski, Asst. Dist. Atty., Albuquerque, for petitioner.

Freedman, Boyd & Daniels, Charles W. Daniels, Albuquerque, for respondent.

**OPINION**

RIORDAN, Justice.

District Attorney Steven H. Schiff (Schiff) filed a petition in this Court for a writ of prohibition against District Judge Patricia Madrid (Judge Madrid), stating that Judge Madrid acted in excess of her authority in modifying NMSA 1978, UJI Crim. 50.06 (Repl.Pamp.1982) as she did in the trial below. The trial resulted in a mistrial when the jury was unable to reach a verdict, and the case is to be retried.

We issued an alternative writ of prohibition. After a hearing in which we were advised by counsel representing Judge Madrid that she intended to give the same modified instruction on retrial, and upon further consideration, we modify the writ to be a writ of superintending control and make the writ permanent.

The issues we discuss are:

I. Whether the judge acted improperly in modifying UJI Crim. 50.06.

II. Whether the closing argument of defense counsel was proper.

George Tracy Davis was tried before Judge Madrid on a charge of aggravated battery with firearm enhancement. At the conclusion of the trial, on her own motion, Judge Madrid stated her intention to include in her charge to the jury a modification of UJI Crim. 50.06. When defense counsel did not draft the instruction in an acceptable manner, Judge Madrid did so herself.

UJI Crim. 50.06 states, "You must not concern yourself with the consequences of your verdict." The modified instruction given by Judge Madrid, Instruction No. 16, states:

> You must not consider the consequences of your verdict as it relates to the charge of Aggravated Battery i.e. that, the defendant did unlawfully touch or apply force to the person of Ronald Thompson with intent to injure said person or another. However you should consider the consequence of your verdict as it relates to the portion of the charge that he did so with a deadly weapon, to-wit: a firearm.
>
> In cases where a jury finds a defendant guilty of using a firearm in the commission of a felony, Section [31]–18–16 of the New Mexico Statutes, Annotated, requires that a mandatory one year prison sentence be imposed, which cannot be deferred or suspended by the District Judge. The jury, therefore, determines the sentence to be imposed as it relates to this portion of the charge, and the jury should consider the consequences of their verdict in arriving at their verdict on the question of the use of a firearm.

The State objected to the instruction.

During closing arguments, defense counsel made the following statements:

DEFENSE COUNSEL:

> And if you, based on your sense of fair play and justice, find him guilty, then he's going to the Penitentiary for one year and there's nothing anybody can do about it, including the Judge in this case. Because that's required by law, and this instruction explains it to you. You, therefore, will be determining whether or not this man loses his wife, his little girl, his business...

(OBJECTION BY MR. GUZOWSKI)

PROSECUTOR:

> Your honor, the instruction says the jury is not to be swayed by any kind of sympathy; this is a direct request for sympathy from the jury, and it's improper.

JUDGE:

> Given the instruction that I did give, I will allow him to make this argument ... Over ruled.

DEFENSE COUNSEL:

> He'll be losing his wife, his child, his business and he'll no longer be able to be licensed in this state, and it'll all be over for him. And that, ladies and gentlemen, rests with you.

After deliberation, the jury was discharged because they were unable to reach a verdict.

## I. Modified Jury Instruction

■ The UJI Crim. General Use Note provides that the district court may modify uniform instructions under certain circumstances. However, Instruction No. 16 was clearly an impermissible modification of UJI Crim. 50.06. UJI Crim. 50.06 embodies the long-established New Mexico principle that the function of a jury in a criminal trial is limited to determining guilt or innocence. "In this jurisdiction the jury have [sic] nothing whatever to do with the question of punishment. The sole question is whether the defendant is guilty or not guilty cf the charge. It [is] *no concern of the jury* what punishment the law prescribe[s]." *State v. Ellison*, 19 N.M. 428, 442, 144 P. 10, 14 (1914) (emphasis added) (citations omitted). *See United States v. Greer*, 620 F.2d 1383 (10th Cir.1980); *State v. Evans*, 85 N.M. 47, 508 P.2d 1344 (Ct. App.1973). By contrast, Instruction No. 16 expressly directs the jury to consider the mandatory firearm enhancement sentence, directly and blatantly contradicting the admonishment of UJI Crim. 50.06 that a jury is not to consider the consequences of its verdict.

Respondent argues that UJI Crim. 50.06 does not strictly prohibit consideration of possible sentencing. Respondent points out that the Use Note to UJI Crim. 50.06 recognizes that in a capital case, the State or court may properly advise the jury that the State is not seeking the death penalty. However, the reasons justifying this exception to UJI Crim. 50.06 do not apply in the present case. By present law, the jury, rather than the judge, determines the sentence in a capital felony jury trial. NMSA 1978, § 31–20A–1 (Repl.Pamp.1981). Thus, the jury inevitably must concern itself with sentencing in a capital case. Also, in a first degree murder case, the jury naturally wonders whether the death penalty is involved. These reasons justify modification of UJI Crim. 50.06 in capital cases.

■ Respondent also argues that the function of the jury changes in cases involving mandatory sentencing. The judicial power to modify sentences is subject to legislative limitation. *Ex Parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916); *State v. Mabry*, 96 N.M. 317, 630 P.2d 269 (1981). The crux of Respondent's contention is that because the Legislature has chosen to restrict the normal sentencing discretion of the district court, the jury is thereby endowed with a different version of discretion, namely, refusing to convict despite the evidence if they feel the penalty is inappropriate. However, the jury has no authority to exercise such discretion. The jury only finds the facts. Encouraging the jury to disregard its duties and to consider the consequences of its verdict is not appropriate.

Express legislative modification or judicial revision [1] of UJI Crim. 50.06 or the Use Note could establish an exception for informing a jury of the consequences of its verdict in mandatory sentencing cases similar to the capital felony exception. Absent such change, however, modifications such as Instruction No. 16 are improper and impermissible.

**1.** This Court has standing committees that are constantly reviewing rules and instructions to

## II. Closing Argument

■ In closing argument, defense counsel not only commented on the mandatory sentence involved, but also made a direct appeal for jury sympathy. The express reference to the firearm enhancement clearly violates UJI Crim. 50.06 principles by bludgeoning the jury with the consequences of its verdict. Defense counsel further stressed to the jury that "You ... will be determining whether ... this man loses his wife, his little girl, his business.... [H]e'll no longer be ... licensed in this state, and it'll all be over for him. And that, ladies and gentlemen, rests with you."

■ Defense counsel is not allowed to comment on the sentence where the applicable statute leaves nothing for jury determination beyond guilt or innocence. *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir.1971). The jury should not be exposed to information about possible punishment and should not consider sentencing in rendering a verdict. *People v. Costa*, 141 Cal.App.2d 795, 297 P.2d 667 (1956). *Accord Hill v. State*, 239 Ga. 799, 239 S.E.2d 15 (1977); *Taggart v. State*, 163 Tex.Cr.R. 298, 290 S.W.2d 226 (1956). Similarly, the court should not allow closing arguments emphasizing the harshness of prison life and its detrimental effect upon a prisoner's family situation. *Holder v. Slayton*, 347 F.Supp. 1303 (W.D.Va.1972). *See also United States v. Randall*, 164 F.2d 284 (7th Cir.1947) (court properly denied defense request to argue to jury that conviction would deprive defendant of citizenship), *cert. denied*, 333 U.S. 856, 68 S.Ct. 729, 92 L.Ed. 1136 (1948); *West v. State*, 277 P.2d 199 (Okl.Cr.1954) (suspension of driver's license).

■ Judge Madrid allowed the remarks over objection pursuant to Instruction No. 16. These remarks obviously reached for jury sympathy contrary to UJI Crim. 50.05, which states that the jury is the sole judge

recommend changes to the Court.

of the facts and that sympathy and prejudice are *not* to influence their verdict. The duty of the trial court is "to see that no improper statements are made likely to influence the jury in their verdict, and that the cause is tried upon the sworn testimony of the witnesses." *State v. Cummings*, 57 N.M. 36, 39, 253 P.2d 321, 323 (1953).

 Counsel are generally given wide latitude in commenting upon the evidence in closing arguments. *State v. Santillanes*, 81 N.M. 185, 464 P.2d 915 (Ct.App. 1970). However, defense counsel in the present case delved into impermissible areas outside the evidence and drew inferences concerning the effect of the mandatory penalty upon the defendant and his family. "A lawyer should refrain from argument which would divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused under the controlling law or by making predictions of the consequences of the jury's verdict." *ABA Standards Relating to the Prosecution Function and the Defense Function*, The Defense Function § 7.8(d) (Approved Draft 1971).

Defense counsel's remarks in this case clearly violate the principles of UJI Crim. 50.05 and 50.06, as well as the ABA standards.

The writ of prohibition is modified to be a writ of superintending control and is made permanent.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS and WALTERS, JJ., concur.

SOSA, Senior Justice, not participating.