Robert Lee Copeland was separately indicted for rape in the first degree in violation of Alabama Code 1975, § 13A-6-61
(a)(1), and burglary in the first degree in violation of §13A-7-5 (a)(1). The indictments were consolidated for trial and Copeland was convicted as charged. Sentence was twenty years' imprisonment for the rape and ten years for the burglary, with the terms being concurrent.
On appeal, Copeland argues that the indictment was insufficient to inform him of the charge and that his demurrer should have been sustained.
The indictment tracked the language of the statute and stated, in pertinent part, that Copeland, "a male, did engage in sexual intercourse with V _____ L.W _____, a female, by forcible compulsion in violation of Section 13A-6-61 of the Code of Alabama." It is argued that "forcible compulsion" is merely a legal conclusion which a person of common understanding would not comprehend.
Alabama Code 1975, § 15-8-25, provides how facts constituting the offense must be charged:
 "An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment."
"The words used in an indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which must be construed according to their legal meanings." § 15-8-5. The terms "sexual intercourse" and "forcible compulsion" are defined by statute. § 13A-6-60 (1) and (8).
"An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense." Ex parte Allred,393 So.2d 1030, 1032 (Ala. 1980). See also Barbee v. State,417 So.2d 611 (Ala.Cr.App. 1982). In determining the sufficiency of an indictment substantially following the language of the statute, "the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense." Hochman v. State,265 Ala. 1, 3, 91 So.2d 500 (1956). See also Haynes v. State,293 Ala. 221, 224, 301 So.2d 208 (1974). "The indictment must state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding, `neither a Solomon nor a simpleton', to know what is intended." Chambers v. State, 364 So.2d 416, 419
(Ala.Cr.App.), cert. denied, Ex parte Chambers, 364 So.2d 420
(Ala. 1978), quoting Manson v. State, 349 So.2d 67, 75
(Ala.Cr.App.), cert. denied, Ex parte Manson, 349 So.2d 86
(Ala. 1977).
An indictment for rape in the first degree which tracks the identical language of § 13A-6-61 (a)(1) clearly and succinctly charges the elements of the offense. Copeland's criticism that the indictment contains no facts but merely conclusions of law is unjustified. "[U]nder our system of pleading, indictments are rather a statement of legal conclusions, than of facts. * * * `it is not required that an indictment set up the proof necessary to a conviction.'" Hochman, 265 Ala. at 3,91 So.2d 500. Boyd v. State, 3 Ala. App. 178, 181, 57 So. 1019 (1912).
Alabama Code 1975, § 13A-6-61, defines the crime of rape in the first degree and states every element of the offense. The statute fully defines and describes the offense. CompareMitchell v. State, 248 Ala. 169, 27 So.2d 36 (1946), where the statute did not define the crime of criminal conspiracy. The indictment, in the language of the statute, was sufficient to apprise Copeland of the charge against him *Page 1152 
and was not defective. Compare Boyington v. State, 45 Ala. App. 176,177, 227 So.2d 807 (1969) (Indictment charging that accused committed a crime against nature with certain person sufficient to charge sodomy); Donovan v. State, 47 Ala. App. 18,20-1, 249 So.2d 635, cert. denied, 287 Ala. 731, 249 So.2d 638
(1971) (Indictment charging accused with enticing child into entering home for performance of an unnatural act sufficient to inform accused of charge against him even though there was no further description of the act of sodomy). "An indictment charging that accused had carnal knowledge of the female forcibly and against her will is not bad for failure to specify more fully the particular manner in which such carnal knowledge was had." 75 C.J.S. Rape, § 39 (a) (1952).
Here, the indictment did not state "bald conclusions",Mitchell, 248 Ala. at 172, 27 So.2d 36, Holt v. State,16 Ala. App. 399, 400, 78 So. 315 (1918), as would be the case if the indictment had merely stated that the accused "raped" the victim. Baughn v. State, 22 Ala. App. 517, 518, 117 So. 608
(1928) (Count of indictment alleging that accused, a man, did have carnal knowledge of girl over 12 and under 16 years of age held not demurrable on ground that it stated a conclusion of the pleader). In alleging sexual intercourse by forcible compulsion, the indictment alleged which of the statutory ways it is claimed he committed the offense.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur except TAYLOR, J., recuses himself.